DEMING and WELLMAN *vs.* S. and E. HURLBUT.

A verdict will be set aside on proof that a Juryman, before the hearing of the cause, declared that he could not give a verdict against the party, in whose favor the verdict was given; with proof also, that the party against whom the verdict was given had no knowledge of such declaration until after the trial.

THIS was an action of trover, for corn, rye, and meal-bags. On trial upon the general issue, it appeared in evidence that the plaintiffs were distillers, and the defendants millers, in the town of Dorset. That certain bins were erected by the defendants, in their mill, designed chiefly for the use of the plaintiffs in storing grain and meal. It also appeared that the plaintiffs did occupy said bins for storing their grain and meal. It further appeared, that a hole was bored from below, through the floor, and through the bottom of one of the bins in which the plaintiffs stored their grain. And that, at different times, corn was seen on the floor directly under this hole; and that corn was also frequently seen in the morning under the mill, and under the bin on the ground near the water's edge:

*Bennington,*
*February,*
*1824,*

Bennington,
February,
1824.

Deming &
Wellman
vs.
Hurlbut.

and that the defendant's hogs were frequently seen eating it. It further appeared that the plaintiffs, on or about the 29th of December, 1820, had stored in said bins a quantity of corn—what quantity did not appear. It appeared that the defendants also put some corn into the bin in which the plaintiffs' corn had been put—what quantity did not appear, nor was there any evidence that there was any of the defendant's corn in the bin at the time when the plaintiffs put in their corn. It further appeared that the defendants owed one Noble Bostwick some grain, to be paid about the first of January, 1821. And at that time the defendants turned out to said Bostwick about one hundred and sixty bushels of corn. That some of the corn was taken from the house of the defendants, and some from the bins in the mill.

The Court, in their charge to the Jury, directed them, that as the bins were in the mill and in the possession of the defendants, they might put grain of their own into the bins, with the plaintiffs', and if they took out no more than they put in, the plaintiffs were not entitled to recover. For that the defendants had a right to mix their grain with the grain of the plaintiffs, provided they did not take out more than they put in, there being no question as to the quantity of the grain. Whereon the Jury returned a verdict for the defendants. To which opinion of the Court the plaintiffs excepted and moved for a new trial. And as a further reason for a new trial the plaintiffs stated, and verified by affidavit, that Benajah Cook, of Arlington, was one of the Jurymen sworn upon the Jury who tried said cause and found said verdict against them the plaintiffs. And that said Benajah Cook in a conversation relative to said cause, in the month of December, 1821, with said Elias Hurlbut, stated and declared to said Elias, that he had no doubt but that the defendant ought to recover in said cause, and that if he should ever have an opportunity to sit as a Juryman in the trial of it, he could not give a verdict against the defendant. And that the plaintiffs were wholly ignorant of said conversation, and had no knowledge of said declaration of said Cook until after the trial of said cause.

And at the present term the said cause came on to be heard on said motion for a new trial.

*Sheldon* for the plaintiffs.

It is a settled principle of law, that whenever one person wilful-

*Bennington,*
*February,*
*1824.*

*Deming &*
*Wellman*
*vs.*
*Hurlbut.*

ly mixes his grain with the grain of another, the whole belongs to the person whose rights have been thus invaded. 2 Bl. Com. 405. The reason on which this rule of law is founded is obvious. By such intermixture the quantity belonging to each is uncertain —this uncertainty itself would be an injury to the person with whose grain another has mixed his own. The law says with great propriety, that the innocent party shall not sustain this injury, but he shall be entitled to the whole, and the person who made the intermixture shall forfeit his own. This principle of law clearly applies to the present case. That the bins were in the defendant's mill, and even that the bins belonged to the defendants varies not the case ; it is enough that the plaintiffs had license from the defendants to put their grain into the bins ; for the defendants could in such case have no right to intermix their grain with the plaintiffs:' and the injury they have sustained is precisely the same as though the plaintiffs had been the owners of the mill and the bins.

But if we are incorrect in this, yet we contend that the plaintiffs are entitled to a new trial, on account of the misconduct of the Juror. It is in proof, and the fact is clearly established, that the Juror had declared before the trial, that he would never give a verdict in this cause for the plaintiffs, or rather that he would never give a verdict against the defendants, and that this was wholly unknown to the plaintiffs until after the trial. The law is settled that this is a sufficient cause for setting aside a verdict. 1 Sellon's Practice, 490. 2 Salk. 645. 21 Vin. 483. 3 Dallas, 515. 6 Bac. 668.

*Bennet* for the defendant.

We insist that the plaintiffs are not entitled to a new trial, on either ground on which they rely, for that,

1.—The charge of the Court was correct. The rule of law in relation to the confusion of goods, extends only to cases of wilful intermixture, and that by a person not at all interested in the chattels with which he intermixes his own. 2 Bl. Com. 405. In this case the defendants had the interest of bailees.

2.—But if the charge of the Court was incorrect in this particular, the plaintiffs' rights could not be affected by it, as it appears from the case, that there was no evidence before the Jury of an intermixture of grain, it was simply laying down an abstract principle of law.

*Bennington,*
February,
1824.

Deming &
Wellman
*vs.*
Hurlbut.
That one of the Jurors had before the trial formed and expressed an opinion respecting the cause, although a cause of challenge is no ground for a new trial.

If one of the Jurors is related to one of the parties—has a suit pending with one of the parties against whom a verdict is found, or is not a freeholder, the Court will not grant a new trial. It is only a cause of challenge. In the present case it was sheer negligence that the party did not inform himself of the objection to the Juror, and make the challenge. It would be of most dangerous tendency to make this a ground for a new trial.

Again, it appears from the case stated, that justice was done between the parties. Indeed, the verdict given was the only one which the evidence could in any way warrant. The granting of new trials rests in the sound discretion of the Court, and they will not grant a new trial where substantial justice has been done.

WILLIAMS J. delivered the opinion of the Court.

In this cause the plaintiffs move for a new trial on certain exceptions to the charge of the Court to the Jury, and also for that one of the Jurors formed and expressed an opinion, as to the merits of the cause previous to the trial.

It will be unnecessary to decide upon the exceptions to the charge, as the Court are clear that on the last ground a new trial must be granted. I should be unwilling to disturb the verdict in this case, as the facts were very fully investigated, did I not consider the law as fully settled. It is in proof that the Juror, previous to the trial, declared that it was his opinion that the defendant ought to prevail, and that he was sometimes on the Jury, and if he should be thereafter, when this cause should come on to be tried, he could not give a verdict against the defendant. It is admitted that this was a good cause of challenge; and it is laid down in Swift's Digest, 775, that where the party when the Jury was empanelled was ignorant of a principal challenge to a Juror, and discover it after verdict, this may be a ground to set aside the verdict. It is not necessary to go this length in deciding the present question; and, indeed, a decision, the 4th Dallas, Hollingsworth *v.* Duane, seems to be at variance with it. Without, therefore, giving any opinion whether the discovery of a principal challenge to a Juror after the trial, which the party, in the use of due diligence, might

have been apprised of before the Jury were empannelled, or the discovery of the want of qualification of a Juror, which does not affect his integrity or ability, would be a sufficient reason for setting aside a verdict, the Court are clearly of opinion, in the case under consideration, from an examination of all the authorities that the Juror having declared that he could not give a verdict against the party who prevailed, is a sufficient reason for setting aside the verdict.   The cause cannot be said to have had a trial by a disinterested and impartial Jury, when one of them had before the hearing of the cause made this declaration, which must have been known to the defendants, of which the plaintiffs had no knowledge.   2 Salk. 645, Dent v. the Hundred of Hertford. 1 Strange 640, Parker v. Thornton.   Plow. 118.   3 Dallas, 515, United States v. Ives, are strong authorities in favor of the motion.   The verdict must therefore be set aside, and a

New trial granted.

[The Chief Justice did not sit in this cause.   Judge Aikens was not present at the hearing, but he assented to the opinion.]