EDWIN C. HUCKABEE *v.* ERWIN MONTGOMERY.
November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed January 5, 1943.

*C. O. Granai* for the defendant.

*Finn & Monti* for the plaintiff.

STURTEVANT, J. This is an action for assault and battery. The plaintiff had a verdict and judgment below and the case is here on the defendant's exceptions.

In his brief the defendant states that the plaintiff introduced several photographs in evidence, and that; "numbers 5 and 7 were allowed as exhibits by the court and the defendant excepted to their allowance as exhibits. Tr. 36, 37, 38, 39, 40." This method of referring to questions mentioned as presented by the exceptions is followed throughout the defendant's brief. This is inadequate briefing. The brief should contain a clear statement of the exceptions relied upon and the points to be considered under each of them. *West Rutland Trust Co.* v. *Houston et al.* 104 Vt 204, 209, 158 A 69, 80 ALR 664, and cases cited.

However, we have read the various pages of the transcript to which the defendant's brief refers and no error is made to appear.

■ The two photographs, plaintiff's exhibits 5 and 7, were offered for the purpose of showing the plaintiff's position at the time he was struck by the defendant. There was evidence in the case tending to show that the position of the plaintiff as shown by the pictures was practically the same as when the defendant struck him. The photographs were received in connection with that testimony and the jury were correctly instructed as to the use they could properly make of those exhibits. The photographs were properly received in evidence. *Thayer* v. *Glynn,* 93 Vt 257, 260, 106 A 834; *Davis, Admr.* v. *Raymond,* 103 Vt 195, 200, 152 A 806.

■ The plaintiff on direct examination was asked, "are you a man who swears?" To this question he answered, "no." In cross examination the plaintiff stated that he had never cursed a person in his life. The defendant offered evidence tending to show that the plaintiff used profane language on the day after the assault. This was offered for the purpose of impeaching the plaintiff as a witness. The offered evidence was properly excluded because it appears that the defendant was attempting to impeach the plaintiff on a collateral and immaterial issue. *Niebyski* v. *Welcome,* 93 Vt 418, 421, 108 A 341; *Cummings* v. *Conn. Gen. Life Ins. Co.,* 102 Vt 351, 363, 148 A 484; see Wig. on Ev. Vol. 2, sec. 1020.

The defendant attempted to save an exception to some part of the argument made to the jury by the plaintiff's counsel. The record does not show just what the statement was to which the defendant objected nor the grounds of the objection. The exception is not available. *Ellison* v. *Colby,* 110 Vt 431, 437, (10-11), 8 A2d 637; *Morrill* v. *Bianchi & Sons,* 107 Vt 80, 88, (3), 176 A 416.

The defendant contends that it was error for the court to grant the plaintiff's motion for a certified execution in this case because the plaintiff waived all claim to punitive damages, in open court.

■ P. L. 2195, by authority of which the certified execution in question was granted does not state that such execution can be granted only when punitive damages are claimed by the plaintiff. The court having found facts in accordance with that statute the issuance of a certified execution was proper.

Error does not appear. *Judgment affirmed.*