**Gene Isabelle and St. Elmo Ferrara, Trustee v. Proctor Hospital and Dr. William A. O'Rourke, Jr., et al.**

[282 A.2d 837]

No. 145-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 5, 1971

*Bloomer & Bloomer,* Rutland, for Plaintiffs.

*Black & Plante,* White River Junction, for Proctor Hospital.

*Richard E. Davis,* Barre, *O'Neill, Valente & Carroll,* Rutland, for Dr. O'Rourke.

**Holden, C.J.** This is an appeal before final judgment in a medical malpractice action. The plaintiff Gene Isabelle instituted the action against the defendant O'Rourke, her former physician, and the Proctor Hospital where she was confined under Dr. O'Rourke's care. An extended trial by jury resulted in a verdict for both defendants. The trial court withheld entry of judgment on the verdicts and granted the plaintiff permission to present this appeal for our review of four questions of law arising from the plaintiffs' motion for a new trial.

It is a long established and salutary rule that a cause of action is not to be taken to the appellate court in fragments. *Beam* v. *Fish,* 105 Vt. 96, 99, 163 A. 591 (1933). And the Court has often said we will not review a case piecemeal. *In re Estate of Webster,* 117 Vt. 550, 553, 96 A.2d 816 (1953); *Ricci* v. *Bove's Admr.,* 116 Vt. 406, 411, 78 A.2d 13 (1951). 12 V.S.A. § 2386 affords room for some exceptions to the rule according

to the discretion of the lower court. And the court's discretion in this respect should be guided by consideration of whether appellate review preliminary to final judgment will materially advance the course of the litigation. See *State* v. *Blondin*, 128 Vt. 613, 270 A.2d 165, 166 (1970); *Powers* v. *State Highway Board*, 123 Vt. 1, 5, 178 A.2d 390 (1962); V.R.A.P. 5.

In the questions certified, there are two of serious dimension which, in our judgment, deserve attention although the full record is not available at the present stage of the proceedings. The first is: Does the expression of an opinion on the merits of the case by a juror to one not a fellow juror, made during the course of the trial, disqualify that juror? The other question is similar and related. Is the violation of that part of the oath prescribed by 12 V.S.A. § 5803, administered to petit jurors, namely ". . . you will say nothing to any person about the business and matters you may at any time have in charge, but to your fellow jurors, nor will you suffer any one to speak to you about the same but in court" sufficient to invalidate the verdict? Both questions arise from the same alleged acts of juror misconduct. But as will appear, the facts have not been sufficiently settled to permit definitive answers to the questions proposed. To avoid further delay and procedural confusion, we think it appropriate to point out the considerations involved.

One of the jurors impaneled to try the case was Frank Woodbury. During the course of the trial and before the plaintiffs had rested their case, counsel presented the affidavit of one Thomas J. Woodbury to the court.

"1. I am the step brother of Frank Woodbury, who is a juror in the case of *Gene Isabelle* v. *Proctor Hospital el (sic) al.*, which is presently in progress.

2. I work with Frank Woodbury for Lane Construction at Fair Haven, Vermont, and have seen him during the course of trial, both on the job and off the job.

3. Frank Woodbury has discussed with me, and, to my knowledge, with several other fellow employees of Lane Construction, the case of *Gene Isabelle* v. *Proctor Hospital et al.* and has told me that he has made up his mind that Gene Isabelle should not get any kind of amount of money like that; and that she had three children before

and that nothing happened and that this was just one of those things. For all of these other children she had these spinals and never had any problem with them.

It is my opinion that Frank Woodbury has already made up his mind as to how the case should be decided, and the evidence is not complete."

Acting on the contents of this affidavit, the plaintiffs requested the court to withdraw the juror Woodbury for cause. The court was asked to substitute in his place one of the two alternate jurors who had been selected in this capacity at the start of the trial. Although counsel for both defendants acceded in the plaintiffs' motion, the court denied the motion without proceeding to inquire into the facts set forth in the affidavit. The juror Woodbury remained on the jury until discharged upon the return of the verdict.

It appears that after the verdict the plaintiffs moved for a new trial. In support of the motion, counsel presented a second affidavit of Thomas J. Woodbury which states that during the trial the affiant "heard Frank Woodbury, a juror, say that she (the plaintiff Isabelle) wasn't going to get any money. He said he would never give her anything in this case." The affidavit further states this juror had expressed his opinion to the affiant and others as to how the case was going to come out.

The plaintiffs also offered a sworn statement of Hazel Woodbury of Castleton, Vermont. This affidavit sets forth—

"1. I am the step-mother of Frank Woodbury, who was a juror in the case of *Gene Isabelle* v. *Proctor Hospital and Dr. O'Rourke*.

2. During the progress of the trial I heard Frank Woodbury discuss the case with others and he also discussed the case with me.

3. Frank Woodbury said that he would not give Gene Isabelle any money in this suit.

4. It is my opinion that he had made up his mind before the case was ended that he would not give Gene Isabelle any money."

The facts set forth in the affidavit presented to the court during the trial should have summoned an immediate inquiry to determine the truth of the statements which it

contained. The fact that the defendants joined in the request that the juror be withdrawn and replaced by an alternate, indicated they did not wish to contest the claims advanced by the plaintiffs in this respect. The safe course, particularly in a prolonged and exhausting trial, such as this, would have been to have granted the request. If indeed there was misconduct, its prejudicial effect might well have been erased with the discharge of the offending juror.

■ After the trial was concluded, the court again declined to inquire into the alleged misconduct. This was error. But the failure of the trial court to inquire is not necessarily fatal to the verdict for it is not too late to find the true facts concerning the alleged misconduct. This is an essential issue which must be resolved in disposing of the plaintiffs' motion to set the verdict aside and grant a new trial.

Such procedure has precedent in *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 161–70, 130 A. 758 (1925). There it appears that affidavits concerning the expression of an opinion by certain jurymen were offered in support of a petition for a new trial.

> "The inquiry necessarily involves matters of fact, and no general rules can be laid down. The question whether the ends of justice and the purity of jury trials require a new trial to be granted in a particular case must be determined upon its own particular facts." *Woodhouse* v. *Woodhouse, supra,* 99 Vt. at 164.

■ It is clear from the abbreviated record presented to us that the trial court declined to inquire into the merits of the issue presented by this aspect of the motion for a new trial. In consequence, whether misconduct occurred or not remains unresolved. Compare *Bellows Falls Village Corporation* v. *State Highway Board,* 123 Vt. 408, 413, 190 A.2d 695 (1963). Absent such inquiry, we think the verdict of the jury should not be overthrown on the bare affidavits alone. The defendants should be afforded an opportunity, if they are so advised, to meet the claims contained in the supporting statements of Thomas and Hazel Woodbury by proper proceedings to ascertain the truth of the assertions.

Until the true facts, which underlie the questions certified, have been judicially determined, definitive response cannot be

made. More importantly, such facts must be resolved for they are essential to the proper disposition of the motion for a new trial.

■ If indeed, the juror Frank Woodbury expressed the statements and opinions attributed to him in the affidavits, he should have been disqualified to act as a juror in the case. The expression of an opinion during the trial by a juror concerning the merits or probable outcome of a case he has been sworn to try, to anyone but a fellow juror, disqualifies him from participating in the result and will destroy the verdict. *Norcross* v. *Willard*, 82 Vt. 185, 187, 72 A. 820 (1909). Such is the long established law of this jurisdiction. *Hannah* v. *Hannah*, 96 Vt. 469, 474, 120 A. 886 (1923); *State* v. *Clark*, 42 Vt. 629, 635 (1870); *Deming* v. *Hurlbut*, 2 D. Chip. 45, 49 (Vt. 1824).

■ The Vermont Constitution commands that ". . . great care ought to be taken to prevent corruption or partiality in the choice and return, or appointment of Juries." Vt. Const. Ch. II, § 30. And the right to trial by jury guarantees that each and all of those composing the jury be unbiased and without prejudice toward any party. *Bellows Falls Village Corporation* v. *State Highway Board, supra*, 123 Vt. at 414; *McCargar* v. *Langlois*, 81 Vt. 223, 230, 69 A. 739 (1908); *State* v. *Levitt*, 36 N.J. 266, 176 A.2d 465, 91 A.L.R.2d 1112, 1118 (1961); *Panko* v. *Flintkote*, 7 N.J. 55, 80 A.2d 302, 306 (1951).

*Appeal dismissed and cause remanded for further proceedings in accordance with the Court's opinion.*