## Gene Isabelle and Trustee v. Proctor Hospital, et al.

[298 A.2d 818]

No. 64-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Bloomer & Bloomer,* Rutland, for Plaintiffs.

*Black & Plante,* White River Junction, for Proctor Hospital.

*Richard E. Davis, Esq.,* Barre, for William O'Rourke.

**Barney, J.** In a prior proceeding in this case, reported in 129 Vt. 500, 282 A.2d 837 (1971), the conduct of a juror was challenged as improper, sufficiently so to invalidate the verdict. By order of this Court the matter was remanded for investigation of the allegations of misconduct, in order to rule on the associated motion for a new trial.

The original action was a malpractice case involving several defendants. The trial lasted six weeks and resulted in a verdict exonerating the defendants. In the midst of the trial the plaintiffs requested that a particular juror be discharged and one of the alternates substituted. This request was supported by an affidavit of a third party asserting improper conversations and expressions of opinion by the juror outside of court to persons not on the panel during the trial. The defendants acquiesced in the request, but the trial court denied the motion and refused to investigate the charges. At the close of the case further affidavits were filed in connection with a motion for a new trial, with no better result.

In the opinion in 129 Vt. 500, 504, this Court found this refusal of the trial court to examine into the charges to be error. The remand for investigation followed. The trial court held three hearings. The first was an exploratory pretrial conference, the second a taking of testimony from the juror involved and the two affiants, and the last, according to the trial court, reserved for further evidence. However, after some maneuvering, and some uncooperative conduct on the part of counsel, the trial court declared the matter closed at the third hearing without further evidence, and limited his consideration to the evidence presented at the second hearing.

The plaintiffs, who were the burdened party with respect to establishing their right to a new trial, objected at the time to this manner of proceeding. It was their claim that they had further evidence they wished to present. They had consistently so claimed from the outset, and had their position recognized by the trial court, but had not, up to this point, brought any such evidence forward.

The court could properly insist that parties produce their evidence within reasonable time limits, but the binding order to produce must be accompanied by notice of the limita-

tion and reasonable opportunity to comply. These proceedings were terminated without warning, in the face of objections by the plaintiffs who had the burden of proof, and in the presence of their claim that they had further evidence to bring forward. The termination also ran counter to the previous express commitment of the court to allow all parties to have the opportunity to present their evidence. The claim of error must be sustained. *Mt. Mansfield Television, Inc.* v. *University of Vermont,* 126 Vt. 454, 455, 236 A.2d 237 (1967).

Unhappily, this results in further delay in what is already extended litigation. But the plaintiffs' entitlement to a new trial cannot be settled until the issue of the claimed misconduct of the juror is resolved. It is their obligation to adequately evidence that claim, and they may be required to do it expeditiously, but may not be unreasonably foreclosed from putting forward their proof.

The nature of evidence appropriate to discharge the plaintiffs' burden and invalidate the verdict has already received comment in our cases. The integrity of the jury system is so sensitive that proof of actual prejudice to a party is not required, where the facts demonstrate circumstances having that potential. *State* v. *Brisson,* 124 Vt. 211, 215, 201 A.2d 881 (1964). While some situations, technically violative of juror's oath, may not justify the discretionary remedy of a new trial, *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 164–65, 130 A. 758 (1925), the rule is otherwise when a juror goes so far as to express an opinion about the case during trial. The capability of prejudice is considered sufficiently established by such a positive breach of the juror's oath. *Isabelle* v. *Proctor Hospital, supra,* 129 Vt. at 505. On rehearing, all parties should be given the opportunity to fully develop any evidence they may have relevant to this issue.

*The order of the Rutland County Court dated March 15, 1972, and associated findings in this case are stricken, and the cause is remanded for a new hearing in accordance with the views expressed in the opinion.*