## Gene Isabelle and St. Elmo Ferrara, Trustee v. Proctor Hospital, Inc., and Dr. William A. O'Rourke, Jr.

[315 A.2d 241]

No. 126-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Bloomer & Bloomer,* Rutland, for Plaintiffs.

*Black & Plante,* White River Junction, for Defendants.

**Keyser, J.** This is a medical malpractice action tried by jury which returned a verdict for the defendants. During

trial alleged acts of misconduct by one juror were brought to the attention of the court by plaintiffs' motion supported by an affidavit. The plaintiffs moved that the juror be discharged and replaced by one of the alternate jurors. The defendants agreed with the motion, but it was denied by the court without inquiry into the facts.

After verdict the plaintiffs moved for a new trial on four grounds, two of which related to the issue of the improper conduct of the juror in question. In this respect further affidavits were filed, but the court denied the motion without a judicial inquiry into the merits of the issue of alleged misconduct. See *Isabelle* v. *Proctor Hospital*, 129 Vt. 500, 282 A.2d 837 (1971).

The case then came to us on four certified questions, namely:

I.(a) Were Gene Isabelle and St. Elmo Ferrara, Trustee, plaintiffs herein, each entitled to six peremptory challenges to jurors as provided by 12 V.S.A. 1941?

(b) Were Gene Isabelle and St. Elmo Ferrara, Trustee, plaintiffs herein, each entitled to have unused peremptory challenges apply to alternate jurors drawn pursuant to 12 V.S.A. 1942?

(c) Were Gene Isabelle and St. Elmo Ferrara, Trustee, plaintiffs herein, each entitled to at least one challenge to each alternate juror drawn pursuant to 12 V.S.A. 1942?

II. Does the expression of an opinion on the merits of the case by a juror to one not a fellow juror, made during the course of the trial, disqualify that juror?

III. Is the violation of that part of the oath administered to petit jurors, namely, ". . . You will say nothing to any person about the business and matters you may at any time have in charge, but to your fellow jurors, nor will you suffer anyone to speak to you about the same but in Court . . .", as set forth in 12 V.S.A. 5803, sufficient to invalidate the verdict?

IV. When oral evidence by a party relative to material issues has been presented, and, prior to the closing of evidence, it is learned by the court and counsel that the oral evidence was incorrect, and it was not corrected, should the verdict in favor of the party which gave the incorrect evidence be allowed to stand?

Because of the serious dimension of the juror misconduct issue embraced in certified questions two and three, we directed our attention to only that issue in considering the case. See opinion in 129 Vt. 500. We there held that the failure of the court to inquire into the issue was error as it was an essential issue which must be resolved in the proper disposition of plaintiffs' motion. *Id.* 129 Vt. at 505. We dismissed the appeal and remanded the cause for further proceedings and resolution of the issue.

On the remand the plaintiffs introduced some evidence and made known their desire to present further evidence. Subsequently, circumstances arose between the court and counsel as a result of which the trial court declared the proceeding was terminated. This action cut off the introduction of further evidence by the plaintiffs and foreclosed their proof. The order of the court dated December 23, 1971, was appealed to this Court. We held the trial court erred in its conduct of the proceeding and said: "[A]ll parties should be given the opportunity to fully develop any evidence they may have relevant to this issue [juror misconduct]." *Isabelle* v. *Proctor Hospital,* 131 Vt. 1, 3, 298 A.2d 818 (1972).

As a consequence the "order" and "associated findings" of the lower court were "stricken" and a new hearing ordered by this Court. *Id.*

With this background we now reach the appeal (third) presently before us.

The trial court held a further hearing at which it heard additional testimony and admitted additional exhibits into evidence. The court then supplemented its findings of December 23, 1971, by adding thereto six findings. It found "no reason to change its opinion as expressed in Finding II of its prior findings."

The Conclusions of Law of the court read:

> Based upon the findings of fact of December 23, 1971 and the supplemental findings of fact dated April 12, 1973, the Court concludes that there was no misconduct on the part of Juror Frank Woodbury, and therefore the request to dismiss juror Woodbury and declare a mistrial has to be DENIED.

It is quite apparent that the court below did not conform its proceedings according to our mandate in 131 Vt. 1.

The findings of December 23, 1971, were struck down and thereby became a nullity. In reaching its conclusion the court, nevertheless, based it on both the stricken findings and its supplemental findings. This it could not do and it was error to have done so. Considering only the supplemental findings, as we must on the record, we do not find support for the court's conclusion that there was no misconduct by the juror.

■ This court cannot pass on plaintiffs' appeal on the denial of its motion for a new trial until the issue of juror misconduct is first determined by an order based upon proper and adequate findings of fact. As former Chief Justice Holden wrote in the opinion on the first appeal of this case, 129 Vt. at 504: "[U]ntil the true facts, which underlie the questions certified, have been judicially determined, definitive response cannot be made." Justice Holden further said at p. 505 of the opinion:

> If indeed, the juror Frank Woodbury expressed the statements and opinions attributed to him in the affidavits, he should have been disqualified to act as a juror in the case. The expression of an opinion during the trial by a juror concerning the merits or probable outcome of a case he has been sworn to try, to anyone but a fellow juror, disqualifies him from participating in the result and will destroy the verdict. [Case cited.] Such is the long established law of this jurisdiction. [Cases cited.]

It is imperative that the issue involved be promptly settled. If the juror is found to have been disqualified a new and lengthy trial will undoubtedly result. On the other hand, if he is not disqualified the appeal on the merits of the case can go forward.

Having in mind that the same judge presided over all of the hearings below and the possibility of a claim of bias or prejudice might arise on rehearing, it is advisable that on this issue a different judge preside over the proceedings on the remand.

*Reversed, the supplemental findings are stricken, and the cause is remanded for a new hearing de novo on the issue of juror misconduct.*