**Gene Isabelle & St. Elmo Ferrara, Trustee v. Proctor Hospital and Dr. William A. O'Rourke, Jr.**

[333 A.2d 118]

No. 104-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*Bloomer & Bloomer,* Rutland, for Plaintiffs.

*Black & Plante,* White River Junction, for Proctor Hospital.

*Richard E. Davis Associates,* Barre, for Dr. William A. O'Rourke, Jr.

**Larrow, J.** For the fourth time, this case is before this Court on a narrow issue, the alleged misconduct of a juror in expressing his opinion on the case to an outsider during the course of the trial. The initial appeal, taken before final judgment and based on four certified questions, was dismissed and the cause remanded for a factual determination of the matters involved. 129 Vt. 500, 282 A.2d 837 (1971). On remand, the trial court terminated the evidence prematurely and foreclosed the plaintiffs' proof. A second remand followed. 131 Vt. 1, 298 A.2d 818 (1972). Upon this second remand, the same court, in disregard of the mandate to rehear the matter, made only supplemental findings. A third remand resulted, with the suggestion that a different judge preside over further proceedings. 132 Vt. 243, 315 A.2d 241 (1974). The instant appeal results from the full hearing *de novo,* findings thereon, and an order

denying plaintiffs' motions for new trial, or mistrial, as a result of alleged juror misconduct.

Without extensive recitation of the testimony and findings, the trial court, with a different presiding judge, found the juror's denial of any outside statements to be credible, and the testimony of three other witnesses to the contrary to be vague, inconsistent, not worthy of belief and less than credible. It is important in the posture of this case to note that the plaintiffs do not challenge the findings below as to the lack of credibility of the other three witnesses. They challenge only the findings that the alleged out-of-court statement was not made and that the juror's denial was credible. The asserted error is that the trial court abused its discretion in limiting their cross-examination of the juror to impeach his credibility.

■ We are confronted at the outset with the fact that no offer of proof was made to the trial court at the time cross-examination was allegedly limited, as contemplated by V.R.C.P. 43(c). Had this been done, the court undoubtedly would have taken and reported the evidence in full as therein required. In the absence of such an offer, indicating what testimony was expected to be elicited, error is not made to appear. *Macauley* v. *Hyde,* 114 Vt. 198, 42 A.2d 482 (1945); Reporter's Notes, V.R.C.P. 43(c).

■ We have in mind, however, the relative importance of this case, its complex history, and the fact that further appeals are probable. In the interest of substantial justice we have, despite V.R.C.P. 43(c), examined the record for prejudicial error. We find none.

■ Plaintiffs were properly cross-examining the juror in question at the time complained of. This was so because he had been ruled a hostile witness under V.R.C.P. 43(b), and also because he had been recalled to testify, for the third time, by the defendants. Plaintiffs assert in their brief they were preparing to show, by cross-examination, that according to work records of his employer and time records of the court itself, there were inconsistencies between his testimony and these records. Granting the right to bring out such inconsistencies, no error appears. The records in question had been admitted in evidence and, insofar as they were inconsistent

with the juror's testimony, were already before the court. On his two prior appearances, once for plaintiffs and once for defendants, the juror had been cross-examined at length, without objection, about the work and time records. This examination terminated then only at plaintiffs' election.

On this set of facts, the latitude permitted by V.R.C.P. 43 (h) had not only been exhausted, but exceeded. As pertinent, that rule reads:

> h) *Order of Evidence.* In all trials, the plaintiff shall put in his whole case before resting, and shall not thereafter, except by permission of court for good cause shown, be permitted to put in any evidence except such as may be strictly rebutting; . . . .

The evidence in question here was not rebutting; the only claim is that it would have been impeaching. It was not within the scope of what the witness had testified to on his third appearance. It dealt with a collateral and immaterial issue, as to which impeachment is not permitted. *Huckabee* v. *Montgomery,* 113 Vt. 75, 29 A.2d 810 (1943). No attempt was made to demonstrate the "good cause" that might have afforded basis for a favorable ruling. The ruling below clearly appears to have been made on this basis, since the court advised counsel he should have made his attempted inquiry before, the witness having previously been on the stand twice. General statements cited by appellants to the effect that the credibility of a witness is "always" open to attack we do not regard as significant; the admissibility of evidence, not the order of presentation, was the issue there involved. *Glass* v. *Bosworth,* 113 Vt. 303, 306, 34 A.2d 113 (1943) ; *Johnson* v. *Tuttle,* 108 Vt. 291, 297–98, 187 A. 515 (1936) ; *Cummings* v. *Conn. Gen. Life Ins. Co.,* 102 Vt. 351, 363, 148 A. 484 (1929).

Nor does the record show that cross-examination was terminated as summarily as plaintiffs now assert. Counsel was, to the contrary, advised by the court to ask any questions he wished, to be ruled upon if objection was made, and he thereafter terminated his examination voluntarily. He indicated that further examination "all has to do with the time records and the times that the Court was in trial." This is far short of the offer of proof contemplated by V.R.C.P. 43 (c). Without such an offer, and in the presence of the court's specific

advice, it cannot be said that the court excluded a whole line of testimony, as is now claimed. No abuse of discretion appears.

A further circumstance would also require affirmance, if the foregoing considerations of themselves did not. Even if we assume, as plaintiffs urge, that the credibility of the juror witness could have been successfully attacked, or even destroyed, reversal would not be indicated. As previously pointed out, the trial court found the testimony of the only witnesses supporting an out-of-court statement by the juror to be not worthy of belief and less than credible. A similar finding with respect to the juror witness himself, the indicated objective of plaintiffs' attacks on his credibility, would leave a record completely devoid of any affirmative evidence that the claimed statement was in fact made. Any finding that it had been made would have been without evidentiary support. Plaintiffs, seeking relief postulated on such a statement, would still have failed to establish grounds for new trial or mistrial.

In light of the foregoing, the order below denying new trial or mistrial on the ground of juror misconduct must be affirmed.

*Order denying new trial or mistrial affirmed, without prejudice to right of appeal on other grounds by notice of appeal filed within thirty days of entry of judgment below, unless extended pursuant to V.R.A.P. 4.*