## Juanita Ordinetz and Walter Ordinetz v. Springfield Family Center, Inc.

[457 A.2d 282]

No. 508-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*Kiel & Boylan,* Springfield, for Plaintiffs-Appellants.

*Leo A. Bisson, Jr.,* of *Downs Rachlin & Martin,* St. Johnsbury, for Defendant-Appellee.

**Larrow, J.** (Ret.), Specially Assigned. Plaintiff Juanita Ordinetz was severely injured in defendant's Family Center Thrift Store in 1979, when she fell over a child who ran in front of her. She and her husband Walter Ordinetz sued the defendant, claiming negligence in failure to exercise proper control over the child, one of two accompanying another customer, and failure to warn of the children's activities. From a jury verdict and judgment in favor of the defendant, the plaintiffs appeal. They assign as errors (1) permitting voir dire references to defendant's nonprofit status and charitable activities, (2) refusal to permit their cross-examination and impeachment of the testimony of one Carla Berry, a witness called by them, and (3) erroneous jury instructions in a supplemental charge. We consider those claims in that order.

As factual background, the defendant corporation is in fact a nonprofit entity. It either sponsors or engages in a number of charitable enterprises, of which the store here in question was one. Carla Berry was the manager on duty at the time of the accident, and was the sole employee of the defendant then present. Several adult customers other than the plaintiff Juanita Ordinetz were present, and at least two young chil-

468

dren. Ms. Berry, at the time of trial, was no longer employed
by the defendant, but there is no claim that her termination
was caused either by the incident in question or the ensuing
litigation. Her testimony assumed added importance because
the parties were unable to discover the names of other
customers.

Plaintiffs' first claim of error is based upon the trial court's
denial of a motion for mistrial, made during the voir dire. A
review of the transcript casts considerable doubt upon whether
such a motion was in fact made. At the bench, plaintiffs' coun-
sel stated that he was "planning on asking" for a mistrial be-
cause of statements by defendant's attorney that defendant
was a nonprofit corporation. In our view, this is somewhat
short of an actual motion. But the trial court evidently treated
it as such, because it denied it. We will, therefore, treat it as
a motion properly made and duly denied.

■ The argument that the remark was improper seems to
be based upon the assumption that the term "nonprofit" im-
plies poverty, or inability to satisfy a judgment. Such is not
the case; a nonprofit corporation may be large or small,
wealthy or impoverished, just as a private corporation. The
asserted inference simply is not present. Moreover, counsel's
motion was only made when the court, at the bench, was limit-
ing another line of inquiry. No objection was made when the
nonprofit point was mentioned, and the "motion" was at a
considerably later time. Defendant's charitable activities,
moreover, necessarily brought it into direct contact with a
number of area residents, and inquiry into the nature and
extent of those contacts would appear to have been appro-
priate. We are pointed to nothing in the record, and we have
discovered nothing, indicating that any further emphasis was
placed upon the point. Even were we to hold the line of in-
quiry to be inappropriate, which we do not, we would not be
constrained to hold that the trial court in any respect abused
its admitted discretion. *Parker* v. *Hoefer*, 118 Vt. 1, 5, 100
A.2d 434, 438 (1953). Basing reversal upon the record before
us, on this point, would be a perversion of V.R.C.P. 61, pre-
cluding reversal unless a ruling is "inconsistent with substan-
tial justice." This is even more apparent when viewed in the
light of plaintiffs' failure to challenge two jurors who ad-

mitted knowledge of (and in one instance, donation to) defendant's charitable activities. The first claim of error is without merit.

Plaintiffs' second assignment of error has to do with their examination of Ms. Berry. As previously noted, Ms. Berry was manager of defendant's store at the time of the accident, and the only employee present. Her deposition was taken by the plaintiffs prior to trial. At time of trial, she was no longer defendant's employee. In a pretrial ruling, to which it later adhered, the trial court ruled that the plaintiffs could not use leading questions to interrogate Ms. Berry, or impeach her through prior contradictory statements, because she was no longer defendant's employee within the meaning of V.R.C.P. 43(b), subject to approving such procedure during trial upon a showing of actual hostility. Such actual hostility does not appear to be seriously claimed, and a review of the record shows none that would require such a finding by the trial court in the exercise of its discretion.

This ruling is claimed to be erroneous in light of the provisions of V.R.C.P. 32(a)(1), permitting any party to use a deposition to contradict or impeach the testimony of the deponent as a witness. But that permission is limited by the language preceding it, in the body of V.R.C.P. 32(a), restricting such use by the limitation "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." That limitation makes the provisions of V.R.C.P. 43(b) controlling here. That section permits leading questions of, and contradiction and impeachment of, an adverse party "or an officer, director, managing agent or employee of a public or private corporation or of a partnership or association which is an adverse party" as if he had been called by the adverse party. At issue here is the time at which employee status creates the governing relationship under the rule. No one seriously questions that a *present* employee at time of trial may be so cross-examined. But, where the employee status has terminated before trial, does the right to cross-examine and to impeach survive such termination?

On this point, a clear split of authority exists. See 81 Am. Jur. 2d *Witnesses* § 423, at 431–32. See also Annot., 56 A.L.R.2d 1108 (1957). A review of cases either way would

serve no useful purpose; cogent reasons may be advanced for either holding. Suffice it to say that a majority of the court inclines to the view that such cross-examination and impeachment should be permitted under the rule where the status in question existed at the time of the event in litigation, at least where the activities of the employee form the basis of the cause of action, and in particular where, as here, the activities could be the basis of action against the employee individually as well as against the employer. We are also fully cognizant that, even though the employee is not a party, *respondeat superior* permits recovery over against her should the employer have been held liable. Under all the circumstances existing at the trial level, as a general matter, cross-examination and impeachment of Ms. Berry should have been permitted. If a view may accurately be termed a "modern tendency," the stance we here take may well be so termed. Both the Federal Rules of Evidence, Rule 607, and the Uniform Rules of Evidence, Rule 607, permit impeachment of any witness by any party, including the party calling him. So does Rule 607 of the rules proposed for adoption in this jurisdiction.

■ Reversal, however, does not follow as a matter of course. The "substantial justice" test of V.R.C.P. 61, above referred to, requires examination of just how the court's ruling affected the rights of the plaintiffs, not merely procedurally, but in matters truly of substance. We have made that examination, and it fails to reveal significant discrepancy between Ms. Berry's trial testimony and her deposition testimony. In several instances, her deposition testimony came before the jury in the guise of "refreshing her recollection" just about as fully as it would have come in by way of impeachment. In other instances, the claimed discrepancies were simply matters of descriptive verbiage. In only one instance where defendant's objections were sustained was an appropriate offer of proof made, as required by V.R.C.P. 43(c). Cf. *Isabelle* v. *Proctor Hospital*, 133 Vt. 200, 333 A.2d 118 (1975). And in that instance the offer was in connection with a claim of hostility, the absence of which, as found by the trial court, is amply supported by the record.

■ In short, our review of the record reveals little substantial variance between Ms. Berry's trial testimony and her

deposition, no demonstrable hostility, and general absence of the offer of proof required to place the matter squarely before the trial court. Even given error as a matter of general law in ruling upon the time applicable to employee status under V.R.C.P. 43(b), reversal is not indicated. No failure of substantial justice appears. V.R.C.P. 61.

Plaintiffs' third claim of error is based upon a supplemental charge given the jury in response to questions posed by it in the course of its deliberations. They argue that the court confused the element of foreseeability inherent in the concept of negligence, and required it as an element of proximate cause. Viewed as a whole, the supplemental charge does not, in our opinion, deviate from our traditional concepts. But, in any event, the complete answer to this claim of error is the absence of any objection whatever to the supplemental charge as given. Appellate review is thereby precluded. *Palmisano* v. *Townsend,* 136 Vt. 372, 392 A.2d 393 (1978).

*Judgment affirmed.*