# Leighton A. Cleverly v. Elizabeth F.M. Cleverly

[561 A.2d 99]

No. 87-144

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed April 14, 1989

---

*Nancy Corsones* of *Corsones & Hansen*, Rutland, for Plaintiff-Appellant.

**Allen, C.J.** This appeal comes to us following our reversal and remand in *Cleverly* v. *Cleverly*, 147 Vt. 154, 513 A.2d 612 (1986) (*Cleverly I*). We affirm in part and reverse in part.

In *Cleverly I* the plaintiff, husband, appealed from a final divorce decree of the Windham Superior Court providing him with limited visitation rights and ordering that he pay weekly child support and maintenance. The plaintiff challenged the court's property division, its finding that plaintiff did not contest custody, the denial of his visitation rights until the time he remarried, and its order requiring him to pay set amounts of child support and maintenance. We reversed the court's property division after determining that its findings as to fault based upon abandonment were erroneous. *Id.* at 157, 513 A.2d at 614. We also reversed the child support award since it failed to provide for individual awards for each child based upon all relevant factors. *Id.* at 158, 513 A.2d at 614. Finally, we remanded the matter so that

visitation rights with plaintiff's youngest son could be addressed, *id.*, and the maintenance award could be designated as either rehabilitative or permanent in nature. *Id.* at 160, 513 A.2d at 615.

Following a hearing in October 1986, the superior court issued amended supplemental findings of fact and conclusions of law and ordered a new property division, cessation of maintenance payments, bi-weekly visitation rights if desired by the plaintiff, and individual child support payments for each child. It is from this order that plaintiff appeals. On appeal he alleges abuse of discretion on the part of the trial court regarding the new property division, the rights of plaintiff to visit his youngest son, prescribed levels of child support and alimony, and the award of $2,500 in attorney's fees to defendant.

## I.

Plaintiff first challenges the court's division of property, claiming that it was error for the court to find that he "abandoned" his wife and family and was at fault for the divorce. According to the plaintiff, since the new property division award is grounded upon erroneous findings of abandonment and fault, the court's award comprises an abuse of discretion warranting reversal.

Plaintiff correctly points out that this Court, in *Cleverly I*, reversed the trial court's property division award after determining that findings of abandonment and fault made by the court were not supported by the evidence. 147 Vt. at 157, 513 A.2d at 614. On remand, the trial court again found that, "[o]n September 15, 1983, plaintiff abandoned his home and moved into the home of Mrs. Snider to live with her and her family." The court also renewed its earlier finding that "the sole reason for the separation was the fault of the plaintiff." Both findings were made despite the fact that no new evidence was presented at the October 1986 hearing in support of such findings.

We have previously had occasion to consider a trial court's failure to conform its proceedings on remand to instructions provided by this Court. *Isabelle* v. *Proctor Hospital,* first decided in 1971, involved the alleged misconduct of a juror in communicating his opinion regarding the case on which he sat to someone not involved. 129 Vt. 500, 282 A.2d 837 (1971) (*Isabelle I*). While here for the second time, error was found in the manner in which the

trial court conducted its proceedings, and the order and findings were struck down and the case remanded. *Isabelle,* 131 Vt. 1, 3, 298 A.2d 818, 819 (1972) *(Isabelle II).*

On remand, after a hearing at which new testimony was heard and additional exhibits admitted, the trial court supplemented its earlier findings of fact by adding six new findings, and decided the matter accordingly. *Isabelle,* 132 Vt. 243, 245, 315 A.2d 241, 243 (1974) *(Isabelle III).* On appeal for the third time, the trial court's order was reversed again and remanded for an entirely new hearing on the issue of juror misconduct for the sole reason that the court had failed to conform its proceedings to the mandate in *Isabelle II,* which struck down all findings of fact previously made. It was noted that

> [t]he findings of December 23, 1971, were struck down and thereby became a nullity. In reaching its conclusion the court, nevertheless, based it on both the stricken findings and its supplemental findings. This it could not do and it was error to have done so.

*Isabelle III,* 132 Vt. at 246, 315 A.2d at 243.

Here, as in *Isabelle,* the trial court erroneously based its property division, after remand, upon findings that this Court had previously struck down. In *Cleverly I,* the trial court's findings of abandonment and fault were found unsupported by the evidence. It was error for the court when confronting the matter on remand to again make these findings and to rely on them in support of its property division. Because of the error, the trial court's property division must again be reversed and remanded with direction that the court arrive at a property division award without consideration of either the fault of the plaintiff or his alleged "abandonment" of his family in September of 1983.

Plaintiff also argues that the trial court erred by not reconsidering the value to be assigned the marital property in Putney for property division purposes. On remand, the trial court found that at the time of separation in late summer of 1983, the Putney property was worth $70,000. At the hearing after remand, the only evidence introduced on value was that the property was worth $90,000.

More than three years passed between the time of separation and the post-remand hearing. During this period, the value of the marital property may well have substantially changed. It is

an abuse of discretion for the trial court to premise its division of marital property on outdated valuations of the assets involved. See *Hanson v. Hanson,* 738 S.W.2d 429, 439 (Mo. 1987) (court erred by valuing Keogh Plan at date dissolution action was filed; proper date of valuation was date of trial); *In re Butler,* ___ Mont. ___, ___, 756 P.2d 1159, 1161 (1988) (abuse of discretion to assign outdated value to motel in view of current appraisal testimony); *Sutliff v. Sutliff,* 518 Pa. 378, 383-84, 543 A.2d 534, 537 (1988) (valuations of marital property as of date of separation held inadequate; cause remanded for determination of revised asset valuations). An "equitable" distribution of property, as mandated by 15 V.S.A. § 751(a), cannot be achieved by reliance on stale valuation data.

## II.

Plaintiff's second argument on appeal is that the trial court abused its discretion in ordering "every other weekend" visitation with his youngest son. Plaintiff had requested visitation for two-month periods alternating throughout the year until his son begins school. According to the plaintiff, the arrangement ordered by the trial court does not allow for "maximum continuing physical and emotional contact" between himself and his son.[1]

Visitation rights of the noncustodial parent, having a direct impact on the issue of custody itself, must be structured in a manner that serves the welfare of the child. *Loeb* v. *Loeb,* 120 Vt. 489, 492, 144 A.2d 825, 827-28 (1958) ("Judicial authority in matters affecting custody has as its paramount objective the welfare of the child."); see also 15 V.S.A. § 665(a) (directing the division of parental rights and responsibilities "on such terms and conditions as serve the best interests of the child"). "The opposing desires of hostile parents and the predisposed wishes of the child, if any, insofar as they are in conflict with the child's welfare, must yield." *Loeb,* 120 Vt. at 492-93, 144 A.2d at 828. The pattern of visitation adopted is within the discretion of the trial court and will not be reversed "unless its discretion was exercised upon un-

---

[1] 15 V.S.A. § 650 declares as the policy of this state that:

after parents have separated or dissolved their marriage it is in the best interests of their minor child to have the opportunity for maximum continuing physical and emotional contact with both parents, unless direct physical harm or significant emotional harm to the child or a parent is likely to result from such contact.

founded considerations or to an extent clearly unreasonable upon the facts presented." *Id.* at 492, 144 A.2d at 827; see also *Breznick* v. *Breznick,* 127 Vt. 80, 83, 238 A.2d 643, 646 (1968) (trial court abused discretion in denying visitation where record contained no evidence to support denial). ·

The trial court found that Eric, the youngest son, was then approximately four and one-half years old and that defendant is a caring and loving mother who has provided the children with excellent care since the time of the parties' separation. In light of Eric's tender age and defendant's record of care, this Court cannot say that the trial court abused its discretion by ordering a visitation schedule less disruptive to the lifestyle Eric has become accustomed to than plaintiff's proposed schedule.

## III.

Plaintiff next takes issue with the trial court's child support and alimony order. The court's order, dated February 26, 1987, provided for child support payments by the plaintiff totalling $105 per week until the oldest child turned eighteen on August 13, 1987. From that date until April 26, 1990, when plaintiff's second oldest son reaches age eighteen, support payments totalling $75 per week were ordered. After that, payments of $50 per week were ordered for the support of plaintiff's youngest son until the time he reaches age eighteen.[2] Plaintiff argues that the trial court's findings with regard to the parties' income levels and expenses are confusing and ambiguous as well as unsupported by the evidence, and that it was error for the court to rely on these findings when structuring its support order.

■ Plaintiff calls attention to findings 18 and 20, which he argues contain ambiguous information regarding defendant's income level. In finding 18, the court identified defendant's bi-weekly gross income as $862. According to finding 20, "[d]efendant's personal gross income on a twice a month basis has now increased to $404.26." From these findings, the court further inferred that defendant's income is $44.01 less per week than plaintiff's. We agree with plaintiff that the court's findings re-

---

[2] The court's most recent support order, dated February 1987, differs from its earlier support order, reversed in *Cleverly I,* in amount of support and manner of payment prescribed. The May 1984 order required plaintiff to pay $80 per week without reduction until the youngest child reached the age of eighteen.

garding defendant's income are inherently contradictory and that it was an abuse of discretion to fashion the support order based on them. See *Belanger* v. *Belanger,* 148 Vt. 202, 204, 531 A.2d 912, 914 (1987) (fashioning of child support award is a matter within the discretion of the trial court); *Roya* v. *Roya,* 145 Vt. 488, 489, 494 A.2d 132, 133 (1985). The support order must be reversed and remanded for a new determination of income levels and expenses of both parties and corresponding support obligations under the guidelines established in subchapter 3A of Title 15.[3] By failing to base its support order on accurate findings regarding the income levels of the parties, the court ran the risk that the parties would not be able to comply with the order and that the welfare of the children might be jeopardized.

■ Plaintiff next argues that the court abused its discretion in awarding defendant rehabilitative maintenance. We do not reach plaintiff's argument, but instead reverse and remand for a new maintenance order in light of our reversal of the property division. In making a decision regarding maintenance, the trial court is bound to consider any property division between the parties pursuant to 15 V.S.A. §§ 752(a)(1) and (b)(1). *DeGrace* v. *DeGrace,* 147 Vt. 466, 470, 520 A.2d 987, 990 (1986); *Osborn* v. *Osborn,* 147 Vt. 432, 435, 519 A.2d 1161, 1163 (1986). Consequently, any change in the property settlement necessitates a reexamination of the award of maintenance. *Osborn,* 147 Vt. at 435, 519 A.2d at 1163.

## IV.

■ Plaintiff's final argument on appeal involves the trial court's award of suit money in the amount of $2,500 to the defendant. The court found that the total expenses incurred throughout the divorce litigation equaled $5,082.78. According to plaintiff, the parties' financial circumstances, including the defendant's needs and the ability of the plaintiff to meet them, do not justify the award of suit money in favor of the defendant.

---

[3] Since we reverse the child support order on the basis of the court's contradictory findings regarding defendant's income level, we do not reach plaintiff's arguments that the trial court failed to reconsider its support order after this Court's reversal of the order in *Cleverly I* and that compliance by plaintiff with the February 1987 support and maintenance order is impossible.

A trial court may in its discretion award attorney's fees otherwise known as "suit money" in a divorce action. See 15 V.S.A. §§ 606 and 607 (creating actions to recover suit money by those parties and attorneys entitled to receive it by judgment or order); *Ely* v. *Ely*, 139 Vt. 238, 242, 427 A.2d 361, 364 (1981) (because of peculiar nature of divorce actions, no separate hearing or taking of particular evidence is necessary on the question of awarding suit money). In divorce actions, "[t]he financial circumstances of the parties . . . have an important bearing on the award" and the "needs of the wife and the ability of the husband to meet them are the primary consideration." *Ely* at 241, 427 A.2d at 363. Without knowing the financial obligations and resources of the parties, after finalization of the property settlement and support and maintenance awards, it would be an abuse of discretion for the trial court to fashion an award of attorney's fees. Accordingly, the trial court's award of attorney's fees is reversed and remanded for redetermination in light of any changes in the property division and awards of child support and maintenance that may occur upon remand.

*Affirmed in part and reversed and remanded in part for further hearing in accordance with this opinion.*