VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-062

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

Shaina Demers v. Daniel Johnston*
} APPEALED FROM:
}
} Superior Court, Windsor Unit,
} Family Division
} CASE NO. 20-DM-00172
  Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

In this parentage action, father challenges the trial court's decision awarding mother primary legal and physical parental rights and responsibilities (PRR) in the parties' son and its parent-child contact (PCC) schedule. We affirm the PRR award and reverse and remand the PCC award for additional findings.

The trial court made the following findings. The parties' son was born in September 2018. The parties had a poor relationship and separated before son was born. Their relationship ended in March 2020. At that time, father was drinking heavily. The court also found that father had used unprescribed Suboxone as well as fake urine to pass drug tests. Father emotionally abused mother, including in front of the parties' son, and frequently treated her disrespectfully. He also physically abused mother. Mother applied for a relief-from-abuse order against father and father was denied access to son during the pendency of the petition. While mother later withdrew her complaint, the court was persuaded that father physically and emotionally abused mother. Father had difficulty monitoring and controlling his anger, which interfered with his ability to co-parent effectively. Both parties wanted son to have a positive relationship with the other parent. Yet father occasionally took unreasonable positions about minor requested changes in the PCC schedule. His communications with mother were often angry and sarcastic.

Mother has been son's primary care provider since birth and son has an excellent relationship with her. Mother has good parenting skills and is a positive factor in son's life. Son also has a good relationship with father. Father similarly has good parenting skills, he engaged in various activities with son, and provided son with emotional support. Son got along with the individuals involved in both parents' lives. Mother had been awarded temporary primary legal and physical PRR during the pendency of these proceedings and son thrived during this time.

Son sometimes exhibited emotional dysregulation after visiting father. Both parents loved son and had suitable living spaces for him.

The court indicated that it considered the relevant factors set forth in 15 V.S.A. § 665 and it made findings with respect to the factors. It found the fact that son had lived with mother since birth and had an excellent relationship with her weighed heavily in favor of awarding PRR solely to mother. The court considered the remaining factors material but less important. On balance, the court was persuaded that awarding mother primary PRR served son's best interests. The court also set forth a PCC schedule for father. Father appeals.

Father asserts that several of the court's findings are unsupported by the evidence and that the court ignored other evidence.* More specifically, father contends that there was no evidence to show that he physically abused mother or that son exhibited emotional dysregulation following contact with him or engaged in hitting and biting behavior. He suggests that the court could not credit, without corroboration, mother's testimony about father's demonstration of anger in son's presence, and that it further erred in finding that he had used unprescribed Suboxone and fake urine to pass drug tests. As to the statutory factors, father essentially challenges the trial court's assessment of the weight of the evidence and the credibility of witnesses. He complains that the court did not sufficiently explain how it weighed the statutory factors and he urges this Court to weigh the evidence differently. Father also argues that the court's findings are insufficient to support its conclusions. Finally, father asserts that the court did not award him sufficient PCC and he raises general allegations of bias by the trial judge.

The trial court has broad discretion in determining a child's best interests. See Myott v. Myott, 149 Vt. 573, 578 (1988). In reaching its conclusion, the trial court is not required to make a specific finding as to each statutory best-interest factor or specifically address each factor. Harris v. Harris, 149 Vt. 410, 414 (1988). "It is sufficient if the findings as a whole reflect that the trial court has taken the statutory factors into consideration, in so far as they are relevant, in reaching its decision." Id. (quotation omitted). "We will uphold the family court's findings of fact unless they are clearly erroneous, and will not disturb the court's custody award if it reflects reasoned judgment in light of the record evidence." DeLeonardis v. Page, 2010 VT 52, ¶ 20, 188 Vt. 94 (quotations omitted).

The court's findings in this case, while sparse, reflect its consideration of the statutory factors and they are sufficient to allow us to discern what was decided and why. As to the statutory best-interest factors, the court found that son had a good relationship with both parents. Both parents could provide son with love and affection. Father was less able than mother to provide guidance for son because he had difficulty controlling his anger, including at times when son was present. Both parents could provide for son's material needs and provide a safe environment. Mother was better able than father to meet son's developmental needs. Son was very well adjusted to living primarily with mother and it would likely be disruptive to change his living circumstances. Both parents professed to want the other to have a good relationship with son but father was somewhat better than mother in this regard. Son has an excellent relationship with mother who has been his primary care provider. While the court found that father

---

* Father argues that any testimony presented at an April 2022 hearing should not be considered because the transcript of that proceeding includes many "indiscernibles." This was an issue that father should have addressed prior to briefing. See V.R.A.P. 10(e).

physically and emotionally abused mother in the past, it did not find that his abusive behavior caused harm to son. The court determined that mother's role as son's primary care provider since birth, their excellent relationship, and father's inability to manage his anger, tipped the scales in favor of awarding PRR solely to mother. It adequately explained the basis of its decision. As the court explained, moreover, it could not order shared PRR due to the absence of any agreement between the parties. See 15 V.S.A. § 665(a) ("When the parents cannot agree to divide or share parental rights and responsibilities, the court shall award parental rights and responsibilities primarily or solely to one parent.").

The court's key findings are supported by the evidence. There is no dispute that mother was son's primary care provider, and the record supports the finding that mother and son have an excellent relationship. The record also supports the court's finding as to father's inability to manage his anger. Mother testified to father physically and emotionally abusing her, the latter occurring frequently in front of son. Mother did not need to provide corroborating evidence before the court could credit this testimony. She also testified to son's dysregulation following visits with father. Any error with respect to biting and hitting behavior following visits with father is harmless, as is any error regarding past drug use or urine screens, although mother did testify to the latter. The court's decision did not turn on either finding and it did not find that either parent was presently using unprescribed drugs or street drugs.

We thus turn to father's challenge to the court's PCC schedule. Father complains that he received less PCC than he had been enjoying pursuant to a mediated temporary order. The trial court has discretion in crafting a PCC schedule and "[t]he pattern of visitation adopted . . . will not be reversed unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Cleverly v. Cleverly, 151 Vt. 351, 355-56 (1989) (quotation omitted). The court stated that it was in son's best interests to have PCC with father every other weekend from Friday after school until Sunday at 5:00 p.m., with one video call during mother's time as well. It offered no additional explanation for this conclusion, however, and we cannot determine why it believed this PCC schedule served son's best interests. See, e.g., Mayer v. Mayer, 144 Vt. 214, 216-17 (1984) (recognizing that "[a] major purpose of findings is to enable this Court, on appeal, to determine how the trial court's decision was reached" and thus, "facts essential to the disposition of the case must be stated"). While the court did find that father emotionally and physically abused mother and that he had difficulty managing his anger, it also found that father has good parenting skills, provided son with emotional support, and had a good relationship with son. Because we cannot discern the basis for the court's PCC award, we reverse and remand this portion of the court's decision for additional findings.

Finally, we reject father's claims of judicial bias. Father argues that the court's inclusion of unsupported findings demonstrates its bias against him. We have rejected the premise of this argument above with respect to the court's key findings and, in any event, father fails to show that unsupported findings alone would demonstrate judicial bias. Father also asserts that his failure to obtain the PCC schedule that he sought demonstrates the court's bias. Trial judges are accorded a presumption "of 'honesty and integrity,' with burden on the moving party to show otherwise in the circumstances of the case." Klein v. Klein, 153 Vt. 551, 554 (1990). While we remand the PCC award for additional findings, we emphasize that father's disagreement with the outcome of this case does not demonstrate judicial bias. See Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994) (stating that judicial bias cannot be demonstrated based on adverse rulings alone);

3

Ball v. Melsur Corp., 161 Vt. 35, 45 (1993) (stating that "bias or prejudice must be clearly established by the record," and "that contrary rulings alone, no matter how numerous or erroneous, do not suffice to show prejudice or bias"). We have considered all adequately briefed arguments in father's brief and, with the exception of the PCC award, we find them all without merit.

The court's PRR award is affirmed; the PCC award is reversed and remanded for additional findings.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice