### Diana K. Johnson v. Alan Barry Johnson

[605 A.2d 857]

No. 90-571

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 6, 1992

*Robert P. Davison, Jr.*, Stowe, for Plaintiff-Appellant.

*Oreste V. Valsangiacomo, Jr.*, of *Valsangiacomo, Detora, Mc-Questen, Rose & Grearson*, Barre, for Defendant-Appellee and Cross-Appellant.

**Johnson, J.** Plaintiff wife appeals from provisions of a divorce decree of the Lamoille Family Court dividing the marital estate and awarding defendant husband maintenance. Defendant cross-appeals the division of marital assets and the limitation of maintenance to the life of plaintiff. The portion of the decree granting the divorce is affirmed, but we reverse and vacate the remainder of the judgment based on grounds raised in the cross-appeal, and remand for reconsideration of the valuation of certain marital assets.

The parties were married in 1957 and separated in 1988. Plaintiff brought into the marriage a considerable portfolio of securities derived from her parents, the income from which was reinvested in part and used in part to enhance the family's al-

ready secure circumstances. Plaintiff later inherited more securities and interests in two family partnerships, giving her an individual net worth in excess of $3,000,000 in 1988. Defendant has an electronic engineering degree and was successfully employed through most of the marriage. The court found that his retirement after 1982 resulted from a joint decision of the parties.

The court did not assign specific fault for the breakdown of the marriage, finding that the actions of each were contributing factors and that after a move to Stowe they "ceased to share the same interests."

Plaintiff filed for divorce in 1988, and a final hearing was held in April and May 1990. The court found that certain stocks "held at the beginning of the marriage" and carried in plaintiff's name were "joint property," to be divided equally between the parties, including IBM stock valued at $765,000. Also divided equally were certain bonds totalling $135,000 in value, $81,534 in notes receivable, $12,000 in cash, and a house in Stowe, valued at $655,000. The aggregate value of the assets divided equally was $1,661,125.

Plaintiff was the sole recipient of other assets that included stocks, bonds, two limited partnership interests (Drexelbrook and Dominion), cash, and personalty, valued at $2,479,220. Defendant was the sole recipient of bonds, cash, separate real estate, and personalty with a total value of $222,300.

The trial court awarded defendant maintenance as follows:

> Annual maintenance in the amount of $52,725 to be paid to the defendant in four quarterly payments will assure equal distribution of the income at its present rate of return. As the plaintiff is receiving the greater share of the assets, it is her responsibility to pay this amount even if the actual income decreases and even if it requires liquidation of capital.

Plaintiff appeals principally over the grant of maintenance, although she raises numerous other issues. Defendant concedes that he made no request for maintenance and argues on cross-appeal that the court awarded maintenance to redress a disparity in the division of marital assets. He also contends that the valuation of the closely held partnerships was erroneous.

■ In awarding maintenance under these circumstances, a trial court should consider the distribution of marital assets. *Cleverly v. Cleverly*, 151 Vt. 351, 357, 561 A.2d 99, 103 (1989). The court may award maintenance upon evidence that the receiving spouse meets both criteria under 15 V.S.A. § 752(a), which states:

> (a) In an action under this chapter, the court may order either spouse to make maintenance payments, either rehabilitative or permanent in nature, to the other spouse if it finds that the spouse seeking maintenance:
>
> (1) lacks sufficient income, property, or both, including property apportioned in accordance with section 751 of this title, to provide for his or her reasonable needs, and
>
> (2) is unable to support himself or herself through appropriate employment at the standard of living established during the marriage or is the custodian of a child of the parties.

We have held that a property settlement may be supplemented by an award of maintenance, given one spouse's greater capacity to acquire future capital assets and income. *Bancroft v. Bancroft*, 154 Vt. 442, 445, 578 A.2d 114, 116 (1990). In *Downs v. Downs*, 154 Vt. 161, 574 A.2d 156 (1990), we held that there was insufficient property to fairly compensate the supporting spouse for contributions toward the other spouse's attainment of a degree, and we allowed the maintenance award to make up for the dearth in existing property from which to distribute. *Id.* at 166–67, 574 A.2d at 159 ("'maintenance is not just a means of providing bare necessities, but rather a flexible tool by which the parties' standard of living may be equalized for an appropriate period of time'" (quoting *Washburn v. Washburn*, 101 Wash. 2d 168, 179, 677 P.2d 152, 158 (1984)).

■ The trial court has broad discretion in dividing property in a divorce action. *Myott v. Myott*, 149 Vt. 573, 579, 547 A.2d 1336, 1340 (1988). The court is not compelled to equalize the parties' assets in the property division, but is free to do so. *Id.*

■ The court clearly decided in the present case that defendant's "reasonable needs" under § 752(a)(1) would be most adequately met if he and plaintiff received about the same income, at least during plaintiff's lifetime. But the court at the

same time sought to give due weight to § 751(b)(10) ("the party through whom the property was acquired"). Plaintiff has not shown why reconciling such goals by computing maintenance to equalize the parties' incomes for her lifetime was beyond the discretion of the court, nor has she demonstrated that the court's calculations were erroneous or unreasonable.*

■ Moreover, defendant cannot fault the court's use of maintenance to equalize incomes to acknowledge the "party through whom the property was acquired" in assigning title to the income-producing assets themselves. In any event, the balance of defendant's assets is significant under the decree and his income-earning potential is clear from the court's findings. We cannot say that the court abused its broad discretion in assigning to plaintiff significant assets acquired through her family, particularly in light of the maintenance award.

On his cross-appeal, defendant also raises the question of the court's findings with respect to the valuation of the Drexelbrook and Dominion limited partnerships.

The trial court accepted plaintiff's valuation of each of the limited partnerships. Plaintiff testified that the capital gains tax that would become due upon her sale of these assets would reduce their value by forty percent. Defendant argues that plaintiff had no expertise with the Internal Revenue Code, did not know the tax basis under the Code for either limited partnership, and did not testify to any events that would trigger the taxation of either of these assets.

The court was correct to allow plaintiff to testify about the value of the partnerships. 12 V.S.A. § 1604; *Jackson v. Jackson*, 139 Vt. 548, 550, 432 A.2d 1181, 1182 (1981). But part of her testimony relating to federal taxation was not testimony about the value "of real or personal property," but rather opinions or inferences about the possible impact of tax law upon the sale of property, a subject on which she was not an expert. See V.R.E. 701 (nonexpert witness's testimony "limited to those opinions or inferences which are . . . (b) helpful to a clear understanding of [her] testimony or the determination of a fact in issue").

---

* Plaintiff's brief raises numerous other issues, but her contentions were so inadequately briefed as to fail to meet the standard of V.R.A.P. 28(a)(4), and we will not consider them.

■ Moreover, "potential income taxes do not alter the value of an asset for purposes of determining the value of either marital or non-marital property," though they "may be another factor to consider in establishing the amount and method of payment of any monetary award." *Rosenberg v. Rosenberg*, 64 Md. App. 487, 523, 497 A.2d 485, 503 (1985). In this case, the assets were both varied and substantial in value. Adequate findings concerning the value of each asset were essential to a fair and adequate disposition. See *Hendrick v. Hendrick*, 142 Vt. 357, 360–61, 454 A.2d 1251, 1253 (1982). It is clear from our cases that valuation should reflect a reasonably current fair market value. See, e.g., *Cleverly*, 151 Vt. at 354–55, 561 A.2d at 101. Including vague and theoretical transactional tax consequences as routine factors in determining fair market value would add unnecessary complexity to an evidentiary problem that is already difficult, especially where the assets to be valued are closely held business interests.

■ It may be, on remand, that specific, relevant, and material evidence about the transactional taxation of some of these assets will come before the court. If so, the court may weigh such evidence in considering the value, division, and method of allocation of the parties' assets in the interests of fairness and consistency. But the tax status of assets in the hands of one of the parties should not affect their fair market valuation, unless the decree necessitates their sale.

■ The court's findings as to the fair market value of the limited partnerships are stricken as unsupported by the evidence. The matter will be remanded for further proceedings, limited to the question of the fair and reasonable value of these assets. In light of this holding, we must vacate the entire decree, except the granting of the divorce itself, because a change in the valuation of these assets may well affect the relative positions of the parties in the property distribution. The property division and maintenance awards are closely related under our statutory scheme, *Klein v. Klein*, 150 Vt. 466, 475, 555 A.2d 382, 388 (1988), and any change in the property division may require reconsideration of the maintenance award as well.

*The portion of the decree granting the parties' divorce is affirmed, but the remainder of the judgment is reversed and remanded for further proceedings relating to the valuation of the Drexelbrook and Dominion limited partnerships and for issuance of an appropriate decree in light of the court's valuation of these assets.*