*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-474

MAY TERM, 2011

| | |
|---|---|
| Clinton Bedell | } APPEALED FROM: |
| | } |
| v. | } Superior Court, Washington Unit, |
| | } Civil Division |
| | } |
| State of Vermont | } DOCKET NO. 388-5-09 Wncv |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Petitioner Clinton Bedell appeals pro se from a superior court order dismissing his complaint. We affirm.

This is the latest in a series of pleadings and appeals filed by petitioner following his conviction of sexual assault against his daughter. We affirmed his conviction on appeal in State v. Bedell, No. 1999-115 (Vt. Nov. 24, 1999) (unpub. mem.). Thereafter, he filed successive unsuccessful motions for sentence reconsideration, and we affirmed on appeal in two separate decisions. See State v. Bedell, Nos. 2002-244 & 2003-047 (Vt. April 4, 2003 (unpub. mem.); In re Bedell, No. 2006-519, 2007 WL 5313337 (Vt. May 1, 2007) (unpub. mem.). Most recently, we affirmed the dismissal of a Rule 75 complaint. See Bedell v. Washington Cnty. State's Attorney, No. 2009-341, 2010 WL 716111 (Vt. Feb. 25, 2010) (unpub. mem.). In our last decision, we noted that the trial court had dismissed the complaint on the grounds that it was "unintelligible" and stated no "discernible legal claim," and we upheld the court's decision on the basis that petitioner had offered "no coherent argument" relevant to the appeal and, to the extent that his arguments could be discerned, they all related to issues previously decided. Id. at * 1.

Here, similarly, the trial court ruled that all of the assertions in petitioner's rambling complaint, which he labeled a "motion for P.C.R. expunged," were either legally incoherent, had been previously addressed, or were foreclosed by his guilty plea. Petitioner's brief on appeal largely repeats the claims raised below, and to that extent fails again to provide any coherent or cognizable argument. See Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (mem.) (this Court will not consider arguments inadequately briefed); V.R.A.P. 28(a)(4) (appellant's brief must identify and explain the issues and how they were preserved, and set forth the contentions and the reasons therefore, with appropriate citations to the authorities, statutes, and parts of the record relied on). Even under the relaxed standards applicable to pro se litigants, petitioner must set forth comprehensible arguments demonstrating error. He has not met this standard. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice