*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-017

JANUARY TERM, 2012

| | | |
|---|---|---|
| Mark A. Bean | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Civil Division |
| | } | |
| Herbert L. Bickford | } | DOCKET NO. 164-5-08 Cacv |

Trial Judges: M. Kathleen Manley;
Alan W. Cook

In the above-entitled cause, the Clerk will enter:

Tenant Herbert Bickford appeals pro se from the trial court's order granting judgment to landlord in this eviction proceeding. We affirm.

The record indicates the following. Tenant rented a mobile home on a lot owned by landlord. Landlord filed a second amended complaint against tenant in May 2009, seeking to evict tenant for nonpayment of rent.[*] Landlord alleged that tenant stopped paying rent in June 2008. Landlord attached to his complaint a copy of a January 2009 notice of eviction for nonpayment of rent that had been mailed to tenant both by certified mail and by regular mail. Tenant, who was then represented by counsel, filed counterclaims, alleging, among other things, that landlord violated the common law warranty of habitability and the Mobile Home Parks Act.

Landlord moved for an order requiring tenant to pay rent into court. Tenant sought to postpone the hearing until discovery had been completed. The court denied tenant's request, explaining that motions for payment of rent into court were designed to be expedited, and any discovery issues did not appear to warrant a delay. At a July 2009 hearing on landlord's motion, the parties entered into a stipulation regarding the payment of rent.

In June 2010, tenant's attorney moved to withdraw, citing a breakdown in counsel's attorney-client relationship with tenant. Following an August 2010 hearing, which landlord's attorney attended, the court granted tenant's attorney's request to withdraw. The court allowed tenant thirty days to secure new counsel and indicated that tenant could request an extension if necessary. During this period, the court denied tenant's motion for summary judgment.

The court held a trial in December 2010. At the beginning of trial, tenant requested a continuance, which was denied. At the close of trial, the court granted judgment to landlord and made the following findings. Tenant had a month-to-month tenancy, and he stopped paying rent

---

[*] Landlord filed his original complaint in May 2008, seeking eviction on different grounds. This claim was later dismissed by the court. Landlord filed an amended complaint in January 2009. In May 2009, the court granted landlord's request to file a second amended complaint, which included the eviction claim for nonpayment of rent.

in June 2008.  By statute, landlord was required to notify tenant by registered mail of the grounds for eviction prior to commencing eviction proceedings, and inform tenant that eviction proceedings may be commenced if tenant did not pay the overdue rent within twenty days from the date of mailing the notice.  10 V.S.A. §§ 6237(a)(2)(A), (B) (governing mobile home evictions).  The court found no dispute that these statutory requirements were satisfied.

Tenant complained about various defects in the rental property, and the court recognized that a tenant could withhold rent under certain circumstances based on a landlord's failure to satisfy the warranty of habitability.  The court noted that in order to withhold rent on that basis, a tenant must provide the landlord with actual notice of the defects, the landlord must fail to make repairs within a reasonable period of time, and the noncompliance must materially affect health and safety.  See 10 V.S.A. § 6204(c) (explaining that to the extent that they are consistent with the laws governing mobile home parks, the provisions of chapter 137 of Title 9 (governing residential rental agreements) "shall apply to the occupancy and rental of a mobile home"); 9 V.S.A. § 4458(a)(1) (covering residential rental agreements and setting forth tenant's remedies and obligations if landlord fails to comply with his or her obligations with respect to habitability).  The court found that tenant had not provided notice to landlord of any habitability concerns prior to tenant's decision to withhold rent.  The court did not credit tenant's assertion that he had provided notice of defects in the property to landlord in 2007, nor tenant's claim that he had identified defects in the property on his rent check.  The court was equally unpersuaded by tenant's claim that he sent a list of needed repairs to landlord by registered mail.  Instead, the court found that it was not until October 2008 that landlord received notice and identification of alleged defects in a letter from tenant's attorney.  Tenant had begun withholding rent long before that, and continued withholding until tenant agreed to pay rent beginning in July 2009.  The court found that there was $7,088 in unpaid rent at the time of trial, and that landlord was entitled to this amount.  The court rejected all of tenant's counterclaims.  Tenant appealed.

Tenant raises numerous arguments on appeal, many of which are inadequately briefed. See In re S.B.L., 150 Vt. 294, 297 (1988) (appellant bears burden of demonstrating how the trial court erred warranting reversal, and Supreme Court will not comb the record searching for error); see also V.R.A.P. 28(a)(4) (appellant's brief should explain what the issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to the authorities, statutes, and parts of the record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.1 (1992) (Supreme Court will not consider arguments not adequately briefed).  To the extent we can discern tenant's arguments, we address them below.

Tenant suggests that the court lacked subject matter jurisdiction.  The trial court dismissed a separate count of plaintiff's complaint that sought eviction for reasons other than non-payment of rent on the ground that the plaintiff had failed to satisfy the statutory prerequisites to such a complaint, but the court plainly had subject matter jurisdiction over landlord's non-payment of rent claim, see 4 V.S.A. § 31, and the court found that landlord did fulfill the statutory requirements for that claim, 10 V.S.A. § 6237(a).  The record supports the trial court's conclusion that the statutory notice requirements were satisfied and that landlord had presented evidence as to the amount of unpaid rent.  The court recognized that a tenant could withhold rent under certain circumstances based on a landlord's failure to comply with the warranty of habitability, but it concluded that tenant had not given landlord the statutorily-required notice of his complaints prior to withholding rent.  It did not credit tenant's assertion that he had provided notice to landlord of any defects prior to his decision to withhold rent. While tenant argues that his evidence was persuasive, it is for the trial court, not this Court, to assess the credibility of witnesses and weigh the evidence.  Cabot v. Cabot, 166 Vt. 485, 497

(1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence.").

Tenant argues that the landlord made untrue and unproven claims about his family, including his two children. These allegations related to landlord's initial complaint, seeking eviction on other grounds. The trial court dismissed the claim resting on those allegations from the case, and they played no role in the trial court's ruling in landlord's favor regarding non-payment of rent.

Tenant also argues that the court erred in denying his request to continue the hearing concerning payment of rent into court until after landlord responded to his discovery requests. Because the parties entered into a stipulation concerning the motion for payment of rent, any error in denying the motion to continue was harmless.

Tenant complains about the presence of landlord's attorney at the hearing on his counsel's motion to withdraw. Landlord's attorney's participation at that hearing, and her expression of concern about the possibility that granting tenant's motion would lead to further delays, was not inappropriate since she represented a party in the case and tenant's lawyer's motion to withdraw potentially affected the case and her client.

Additionally, tenant asserts that the court should have granted his request to continue the trial, made on the morning of trial. The court had previously granted a request by tenant to continue trial and it had informed tenant in November 2010 that no further continuances would be granted. We conclude that the court did not abuse its discretion in denying another request for continuance.

. Tenant argues that the trial court should not have allowed landlord to file a belated response to his motion for summary judgment. We find no harm from any delayed filing of a response to tenant's motion for summary judgment. As the trial court found, this case was not appropriate for summary judgment.

Finally, tenant argues that: he was denied access to the courts; he experienced obstruction of justice; he was harassed and entrapped; he was punished for not agreeing to settle the case; he was never offered the opportunity to redeem; the attorneys engaged in unprofessional conduct; and he received an unfair trial. We find these claims unsupported by the record. We have considered all of tenant's arguments, and we find no error.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3