**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-189

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2022

Joshua Bakelaar v. Nathaniel Natoli\*

}   APPEALED FROM:
}   Superior Court, Addison Unit,
}   Civil Division
}   CASE NO. 22-ST-00553
     Trial Judge: Kathryn A.C. Kennedy,
     Specially Assigned

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a final order against stalking issued by the civil division. We affirm.

In June 2022, plaintiff filed a complaint for an order against stalking against defendant. Following an evidentiary hearing at which plaintiff represented himself and defendant was represented by counsel, the court made the following findings. Plaintiff's girlfriend and defendant were previously in a relationship and have a child together. In May 2021, plaintiff's girlfriend served defendant with an order against trespass that prohibited defendant from going to her and plaintiff's home. At some point afterward, defendant left a voicemail on plaintiff's girlfriend's phone stating that defendant was going to find plaintiff. In October 2021, plaintiff was gardening outside the home when defendant drove by. Defendant turned around, pulled over in front of the house with his car facing oncoming traffic, and began yelling at plaintiff. Then, in June 2022, defendant came to the home and entered without permission, saying that he was there to retrieve his child's shoes. Plaintiff asked him to leave and defendant refused. Defendant then repeatedly shoved and pushed plaintiff against the stairs, causing him pain. Plaintiff was frightened by defendant's violent and aggressive behavior. Plaintiff reached for his phone to call for help and defendant bit plaintiff's hand. Defendant then ran out of the house with plaintiff's phone. Plaintiff used a different phone to call the police.

Based on these findings, the court concluded that defendant had stalked plaintiff and issued a final order directing defendant to stay away from plaintiff for two years. This appeal followed.

In his one-page brief, defendant argues that he was "incorrectly represented" by his attorney and was not given sufficient time to defend himself at the hearing; that plaintiff's testimony about the October 2021 incident was untrue; and a police video recorded after the June 2022 incident showed the officer suggesting words to plaintiff to bolster his claim of assault. Plaintiff did not file a brief in this appeal.

Defendant's claim regarding his attorney is inadequately briefed and we therefore do not address it. See V.R.A.P. 28(a) (requiring brief to contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes and parts of record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining this Court will not address contentions so inadequately briefed as to fail to minimally meet standards of V.R.A.P. 28(a)).

Defendant's assertion that he did not have enough time to present a defense is not supported by the record. The transcript of the hearing shows that defendant had the opportunity to cross-examine plaintiff and did so through counsel. Defendant's attorney questioned defendant about the voicemail and the October 2021 incident, then stated that he would not ask defendant any further questions to avoid incriminating defendant in the related criminal case. Defendant did not object, and therefore is presumed to have acquiesced in his attorney's decision to rest. Cf. In re Mecier, 143 Vt. 23, 28 (1983) (stating in context of criminal case that "while the decision to testify is one ultimately for the defendant to make, the right is subject to the limitation that the defendant make his objection known at trial, not as an afterthought" (quotation omitted)). Defendant does not explain what other evidence he would have presented or how it would have affected the outcome of the case.

Next, defendant claims that plaintiff manufactured his stalking claim and was not actually present during the October 2021 incident. In essence, defendant is challenging the court's findings about that event. On appeal in an abuse-prevention action, we will affirm the trial court's findings unless they are clearly erroneous, meaning that there is no evidence to support them. Benson v. Muscari, 172 Vt. 1, 5 (2001). We view the findings "in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence." Coates v. Coates, 171 Vt. 519, 520 (2000) (mem.) (quotation omitted). The trial court's findings about the October 2021 incident are supported by plaintiff's testimony. Although defendant offered a different version of events, the court was evidently unpersuaded by what he said. "As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997). Because the court's findings turn on its assessment of the parties' credibility, we will not disturb them on appeal.

Finally, defendant argues that a police videorecording shows that the officer who responded to the June 2022 altercation improperly prompted plaintiff to say certain "key words"

to support an assault charge against defendant.  Neither the videorecording nor any other police records or testimony were offered into evidence in this stalking proceeding and they were not relied on by the court in reaching its decision.  Defendant's argument refers to matters outside the record on appeal and we will therefore not consider them.  V.R.A.P. 10(a)(1); see Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 2, 200 Vt. 125.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice