VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-109



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2023

| | | |
|---|---|---|
| In re Appeal of G.L.* | } | APPEALED FROM: |
| | } | Human Services Board |
| | } | CASE NO. L-01/22-046 |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from a Human Services Board decision that dismissed his appeal as moot.  We affirm.

The record indicates the following.  Petitioner was substantiated by the Department for Children and Families (DCF) for sexual abuse by exploitation.  In January 2022, he appealed this decision to the Board.  See 33 V.S.A. § 4916b(a) (allowing individual "who is the subject of [a] substantiation" to seek relief from Board within thirty days of "notice of placement of a report on the [Child Protection] Registry").  Multiple status conferences followed.  In October 2022, the State informed the Board that the parties were close to resolving the case and that a dismissal request would be forthcoming.  The following month, the State moved to dismiss the appeal as moot because petitioner's name had been removed from the Vermont Child Protection Registry. The State filed a document certifying that there was no substantiation listed in connection with petitioner's case.  Plaintiff opposed the motion to dismiss.  While he acknowledged that there was no substantiation, he asserted that DCF kept "shadow records" in which he was "almost certainly listed as 'substantiated' " and that DCF might later use this information to sanction him. Petitioner argued that the pattern of "essentially keeping shadow records and shadow sanctions" against persons having been previously substantiated "[was] a naked violation of due process" and he sought an "inquiry into the hidden system," along with a fair hearing "and an available remedy."

The Board granted the State's motion to dismiss.  It explained that its jurisdiction was limited to actual controversies and a petitioner "must have suffered a particular injury that is attributable to the [petitioner] and that can be redressed by a court of law."  Parker v. Town of Milton, 169 Vt. 74, 77 (1998).  Whether there is an actual controversy "turns on whether the [petitioner] is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance."  Id. (quotation omitted).

In this case, the Board found that although plaintiff had standing when he first requested a fair hearing related to his substantiation, there was no longer any live controversy.  See In re S.H., 141 Vt. 278, 280 (1982) (explaining that, under mootness doctrine, "petitioner's stake in

the litigation must continue throughout [the] entirety" of the case). Petitioner sought to challenge his substantiation and the substantiation was now removed from the registry.

The Board found that petitioner stated no other cognizable claim for relief as to any issue within the Board's jurisdiction. While petitioner appeared to take issue with DCF's retention of records related to a person's substantiation following that person's removal from the registry, his concern that an "unprofessional or vindictive DCF employee" would improperly use or take action based on those records was speculative and based on general, conclusory assertions. Petitioner also raised generalized claims of "due process" violations but identified no agency action of any kind that he was actually aggrieved by, let alone one that the Board was authorized to consider. While the Board was not precluded from hearing claims of due process violations, the Board explained, that did not mean that the Board was automatically the correct forum for hearing a specific claim. See In re T.O., 2021 VT 41 ¶ 19, 215 Vt. 41 ("However laudable the state and federal legislative goal of promoting the placement of children with relatives, the Human Services Board is not the forum our Legislature created to adjudicate petitioners' perceived failures by DCF to carry out that goal."). In any event, the Board continued, "[w]hile [it] [could] review 'agency policy,' it [could] do so only as far 'as it affects [a claimant's] situation,'" and the Board had no authority "to issue a declaratory judgment or an injunction." Husrefovich v. Dep't of Aging & Indep. Living, 2006 VT 17, ¶ 28, 179 Vt. 456 (quoting 3 V.S.A. § 3091(a)). The Board noted that it had previously dismissed substantiation appeals in the same posture as the instant appeal. The Board thus dismissed petitioner's appeal for lack of jurisdiction. This appeal followed.

Petitioner contends that his appeal is not moot because he is "currently listed, without correction, in extensive records that say that he did commit child abuse" and he has a "due process right in refuting that, given that he may be haunted by it for a lifetime otherwise." Petitioner states that he seeks vindication. He further asserts in his reply brief that he is effectively seeking expungement, which he describes as removing his name from any DCF records. Cf. 33 V.S.A. § 4916c(a) (providing, as relevant here, that an individual who "has been listed on the Registry for at least seven years may file a written request with the Commissioner seeking a review for the purpose of expunging an individual Registry record").

We review the Board's decision de novo, Paige v. State, 2017 VT 54, ¶ 6, 205 Vt. 287, and we agree that this case is moot. "[A] case generally becomes moot when there is no longer a live controversy, or the parties involved lack a legally cognizable interest in the outcome of the case." State v. Rooney, 2008 VT 102, ¶ 9, 184 Vt. 620 (mem.) (quotation omitted).

As set forth above, petitioner appealed from DCF's decision to include him on the Child Protection Registry based on a substantiation for sexual abuse. It is undisputed that his name is no longer on the registry for having sexually abused a child. Petitioner provides no support for his conclusory and speculative assertions that he is identified as a child abuser in other records, that his name must be removed from all such records, and that he might suffer future harm as a result of unauthorized access to these unspecified records. To the extent petitioner maintains that some sort of exception to the mootness doctrine applies, we reject that argument as inadequately briefed. See V.R.A.P. 28(a) (requiring brief to contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes and parts of record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining that Supreme Court will not address contentions so inadequately briefed as to fail to minimally meet standards of

V.R.A.P. 28(a)).  Even if this argument were adequately briefed, we would reject it on the merits for the reasons set forth in the State's brief.

Petitioner's desire for "vindication," standing alone, does not show that he retains a legally cognizable interest in this case or that there is effective relief that can be granted to him. See Chase v. State, 2008 VT 107, ¶ 11, 184 Vt. 430 (recognizing that "an issue becomes moot if the reviewing court can no longer grant effective relief" (quotation omitted)).  Petitioner argued that he should not be listed on the registry as a sexual abuser and that relief has been granted to him.  He fails to show that there is any additional relief that can be afforded to him.  It is true, as petitioner asserts, that 3 V.S.A. § 3091(d) states that the Board may "reverse or modify, decisions of [an] [a]gency based on rules that the Board determines to be in conflict with State or federal law."  Petitioner makes no argument, however, as to how this provision has any relevance to his case.  See Johnson, 158 Vt. at 164 n.*.  There is no basis to disturb the Board's dismissal of petitioner's appeal as moot.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
Nancy J. Waples, Associate Justice