VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-392

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

MARCH TERM,   2024

| | |
|---|---|
| Jeffrey Rivard\* v. Town of Brattleboro, Brattleboro Police Department & Ryan Washburn | } APPEALED FROM:<br>}<br>}<br>} Superior Court, Windham Unit,<br>} Civil Division<br>} CASE NO. 23-CV-02763<br>} Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of his complaint against defendants. We affirm.

In December 2019, plaintiff was arrested by Brattleboro police for allegedly assaulting a man of South Asian descent in downtown Brattleboro. He was charged with simple assault and violation of conditions of release. The State dismissed the prosecution without prejudice in February 2022.[1]

In June 2023, plaintiff filed this action against the Town of Brattleboro, Brattleboro police officer Ryan Washburn, and the Brattleboro Police Department. Plaintiff alleged that Officer Washburn arrested him based solely on the victim's uncorroborated version of events and that plaintiff suffered an injured wrist. He further alleged that defendants unlawfully disseminated confidential information about him and published a libelous statement "pluralizing the number of violations of conditional release." He listed claims of unlawful arrest, illegal search and seizure, "discovery rule," negligence and abuse of authority, "misdemeanor conduct committed on duty," libel, and infliction of emotional distress.

Defendants moved to dismiss the complaint in its entirety. They argued that Officer Washburn and the Brattleboro Police Department were not proper defendants; all of plaintiff's claims were time-barred; and plaintiff failed to state a claim for which relief could be granted.

---

[1] The parties agreed below that the court could take judicial notice of plaintiff's criminal case. See V.R.E. 201 (permitting court to take judicial notice of adjudicative facts); In re Russo, 2013 VT 35, ¶ 16 n.4, 193 Vt. 594 (taking judicial notice of hold-without-bail order referenced in complaint). We do so here to provide context for the allegations in plaintiff's complaint.

The court dismissed Officer Washburn as an individual defendant because plaintiff's claims were based on acts undertaken by Officer Washburn in his official capacity as a police officer. It also dismissed plaintiff's claims against the Brattleboro Police Department, concluding that the Department could not be sued separately from the municipality. The court construed plaintiff's complaint as alleging six causes of action—unlawful arrest, negligence, "misdemeanor conduct," unlawful dissemination of confidential materials, libel, and intentional infliction of emotional distress (IIED)—and concluded that plaintiff failed to allege sufficient facts to state a claim for relief under any count. It therefore granted the motion to dismiss the complaint. This appeal followed.

Plaintiff argues that the court erred in dismissing his claims for unlawful arrest, unlawful dissemination of confidential materials, libel, and IIED. He does not challenge the court's dismissal of Officer Washburn or the Brattleboro Police Department from the case. Although he refers to his claim of "misdemeanor conduct" in the table of contents of his brief, he does not make any arguments related to this claim or the negligence claim and we therefore do not address them here. See Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (declining to address contentions so inadequately briefed as to fail to meet standards of Vermont Rule of Appellate Procedure 28(a)).

We review a decision granting dismissal "de novo under the same standard as the trial court and will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co., Inc. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). "[T]his Court assumes that all well pleaded factual allegations in the complaint are true, as well as all reasonable inferences that may be derived therefrom." Bethel v. Mount Anthony Union High Sch. Dist., 173 Vt. 633, 634 (2002) (mem.). At issue "is whether the bare allegations of the complaint are sufficient to state a claim." Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 7, 186 Vt. 605 (mem.).

Plaintiff asserted in his statement attached to the complaint that Officer Washburn,

> [h]aving no probable cause to believe an assault or crime actually occurred upon a complaint of 1 person who was not physically injured, described pain, in a matter which was not a felony offense and not having witness or witness of [sic] the event himself, without questioning me, did apply for a probable cause warrant. I was arrested at the local homeless shelter over several hours later, I was handcuffed and did injure my right wrist and did seek treatment at Urgent Care Brattleboro.

In general, a claim of false arrest by a police officer requires a showing that the arrest was not supported by probable cause. Cf. Long v. L'Esperance, 166 Vt. 566, 571 (1997) (explaining that officer making warrantless arrest acts in good faith and is entitled to qualified immunity if officer had probable cause); Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007) ("[O]ur court has uniformly rejected Fourth Amendment false arrest claims premised on lawful arrests supported by probable cause."). "[T]he issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause." Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991). Accepting plaintiff's allegations in his complaint as

2

true, Officer Washburn had a valid warrant for plaintiff's arrest. Plaintiff did not allege any facts tending to show that the arrest was unlawful in some other way. We therefore affirm the dismissal of plaintiff's claim for unlawful arrest.

Plaintiff further alleged that "[t]his matter also caused dissemination of confidential material acquired by [Washburn] to the Vermont Court Public Portal." Plaintiff did not identify the allegedly confidential material or explain what law prohibited its dissemination. While a complaint does not have to set forth a detailed statement of facts, it must contain sufficient factual clarity to support the elements of the claims and to enable a reasonable response. Colby v. Umbrella, Inc., 2008 VT 20, ¶¶ 7, 10, 184 Vt. 1. Because plaintiff's complaint lacked any facts to support the elements of a legally cognizable cause of action, the trial court did not err in dismissing this claim.

Next, plaintiff asserted that defendants "published a libelous article pluralizing the number of violations of conditional release." To state a claim for defamation, which includes libel and slander, a plaintiff must allege: "(1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages." Lent v. Huntoon, 143 Vt. 539, 546-47 (1983). Plaintiff attached the allegedly libelous article to his opposition to defendants' motion to dismiss, and explained that it falsely stated that he violated "conditions" of release when in fact he had only been charged with violating one condition of release.[2]

The statement that plaintiff was charged with violating "conditions" of release cannot be a basis for a defamation claim because it is substantially true. "Truth is a complete defense to defamation." Russin v. Wesson, 2008 VT 22, ¶ 5, 183 Vt. 301. For the defense to apply, "[i]t is not necessary to prove the literal truth of the accusation in every detail, and . . . it is sufficient to show that the imputation is substantially true." Id. ¶ 8 (quotation omitted). "Statements about crimes are often technically incorrect but substantially true." Id. ¶ 9 (quotation omitted). Plaintiff undisputedly was charged with violating one condition of release. The statement that he was charged with "violations" is similar enough to the truth that any injurious effect would be similar, and is therefore not actionable. See id. ¶ 12 (reversing order finding plaintiff liable for defamation for telling third parties that defendant was "a thief" where court found defendant tortiously converted $45,000 of plaintiff's property, because statements were substantially true). Furthermore, plaintiff did not allege in his complaint that he suffered actual harm as a result of the statement's publication. The trial court therefore correctly concluded that he failed to state a claim for defamation.

Finally, plaintiff claimed, without elaboration, that he suffered "infliction of emotional distress" in connection with the events described above. An IIED claim "can be sustained only where the plaintiff demonstrates outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." Colby, 2008 VT 20, ¶ 10 (quotation omitted). In his complaint, plaintiff did not identify which of defendants'

---

[2] "In assessing whether to dismiss for failure to state a claim, we have acknowledged that a court may take judicial notice of court decisions or documents referenced in the complaint without converting the motion into one for summary judgment." Russo, 2013 VT 35, ¶ 16, n.4.

acts constituted outrageous conduct or allege that he actually suffered extreme emotional distress. The trial court therefore properly dismissed this claim as well. See id. (upholding dismissal of plaintiff's emotional-distress claim because complaint failed to allege any facts supporting claim other than conclusory allegations).

     Affirmed.

BY THE COURT:

_____

Paul L. Reiber, Chief Justice

_____

Harold E. Eaton, Jr., Associate Justice

_____

Nancy J. Waples, Associate Justice