**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        25-AP-282



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

| | |
|---|---|
| Jeffrey Rivard\* v. Town of Brattleboro et al. | APPEALED FROM:<br><br>Superior Court, Windham Unit,<br>Civil Division<br>CASE NO. 24-CV-04975<br>Trial Judge: Rachel M. Malone |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the dismissal of his complaint against defendants. We affirm.

Plaintiff raised several claims against the Town of Brattleboro and various state and municipal employees related to two trespass orders issued by Brattleboro police officers. The first trespass order barred plaintiff from the premises of the private school his child attended; the second prohibited him from going onto the property of the Brattleboro Police Department. Defendants moved to dismiss plaintiff's complaint, and the court granted their request.

At the outset of its decision, the court dismissed plaintiff's claims against various individuals for failure to state a claim upon which relief can be granted, leaving only plaintiff's claims against the Town of Brattleboro and its town manager. As relevant here, plaintiff argued that these defendants violated his due-process rights under the Fourteenth Amendment to the U.S. Constitution by not responding to his appeals of the trespass orders. The no-trespass orders stated that recipients could appeal an order of trespass by calling the town manager within fourteen days, and it provided a phone number for this purpose. Plaintiff alleged that he called the number and advised that he wanted to appeal, and the town manager did not respond.

The court dismissed with prejudice plaintiff's claim that the failure to respond to his appeal of the trespass order from his child's school violated his due-process rights, concluding that plaintiff failed to state a claim on which relief could be granted. The court found that, per the "Trespass After Warning Affidavit" that plaintiff filed with his complaint, the appeal process outlined on the affidavit was for public property only, and there was no appeal process for trespass notices issued for private property. The school was private property, and a trespass notice given at the request of school officials were not subject to review by the Town of Brattleboro.

The court also dismissed with prejudice plaintiff's similar claim against the Town with respect to the second no-trespass order, concluding again that plaintiff failed to state a claim upon which relief could be granted. The court explained that, to prevail on this claim, plaintiff needed to show that he possessed a liberty interest that the Town interfered with. Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 20, 212 Vt. 305. Plaintiff did not identify any such liberty interest. In his complaint, he referenced being taken to a correctional facility rather than lodged in the local police station, but there was nothing to suggest that defendant had a right to be lodged at a local police station instead of being taken to a correctional facility. Additionally, the court noted that the trespass order did not prevent plaintiff from accessing emergency services or information, lodging complaints, or making reports. The court found no support for plaintiff's bare assertion that he had a liberty interest in accessing the Brattleboro Police Department. For these and other reasons, the court dismissed plaintiff's complaint with prejudice. This appeal followed.

On appeal, we apply the same standard as the trial court. "We will affirm the trial court's grant of a motion to dismiss only when there are no facts or circumstances alleged in the complaint that would entitle the nonmoving party to relief." Chayer v. Ethan Allen, Inc., 2008 VT 45, ¶ 6, 183 Vt. 439. We assume the truth of plaintiff's allegations and all reasonable inferences drawn therefrom. Id. As set forth below, dismissal was appropriate here.

Plaintiff first appears to assert that he has presented an issue concerning fundamental rights and that consequently, his claim is not subject to dismissal. This assertion is not supported by the law, and we reject it. Plaintiff next argues that the court should have allowed him to amend his complaint a second time. Plaintiff did not request such relief below, however, and the court had no obligation to grant such relief sua sponte.

With respect to his due-process claim stemming from his trespass order at the Brattleboro Police Department, plaintiff cites Wool, 2020 VT 44, ¶ 20, for the proposition that Vermont courts recognize a liberty interest "when governmental action restricts access to state facilities or services." The citation provided does not support this proposition. We recognized in Wool that:

> The Fourteenth Amendment to the U.S. Constitution protects persons against state deprivations of life, liberty, or property, without due process of law. Courts examine procedural due process questions in two steps: the first asks whether there exists a liberty . . . interest which has been interfered with by the State; the second examines whether the procedures attendant upon that

> deprivation were constitutionally sufficient. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word liberty, or it may arise from an expectation or interest created by state laws or policies.

Id. (quotations and citations omitted). As the trial court explained, plaintiff failed to identify a liberty interest here.

Plaintiff's reliance on Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011), is unavailing. In that case, the court recognized "a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally." Id. Putting aside that this argument does not appear to have been raised below, the trespass order here did not concern a park or other town land open to the public generally. Plaintiff fails to show that he argued below that the lobby of the police department functions as a public forum, and we do not address this argument. See In re S.B.L., 150 Vt. 294, 297 (1988) (explaining that appellant bears burden of demonstrating how trial court erred warranting reversal, and Supreme Court "will not comb the record searching for error"); Bull v. Pinkham Eng'g Assocs. Inc., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). Numerous cases hold that individuals do not possess a "property interest in having unlimited access to a public building." Royer ex rel. Est. of Royer v. City of Oak Grove, 374 F.3d 685, 689 (8th Cir. 2004) (so holding); see also, e.g., Williams v. Town of Greenburgh, 535 F.3d 71, 76 (2d Cir. 2008) (holding that one-year ban from community center did not deprive plaintiff of liberty interest); Hannemann v. S. Door Cnty. Sch. Dist., 673 F.3d 746, 757-58 (7th Cir. 2012) (concluding that ban from public school property did not deprive plaintiff of protected liberty interest); Vincent v. City of Sulphur, 805 F.3d 543, 548-51 (5th Cir. 2015) (reasoning that temporary ban from city property, including city hall, did not violate any clearly established due-process rights). Plaintiff offers no basis to reach a contrary conclusion here. The court did not err in dismissing plaintiff's due-process claim.

To the extent plaintiff seeks declaratory relief or other advice from this Court regarding alleged dicta, that request is denied. Plaintiff fails to show that he sought declaratory relief, and he cites a statute, 12 V.S.A. § 839, that does not exist. Plaintiff similarly fails to show that he raised an equal-protection claim below. We thus do not address these arguments. Plaintiff also appears to assert that this Court has authority to consider his arguments because they involve constitutional and civil-rights claims. As set forth above, we consider here whether the claims plaintiff did raise, and those that he challenges on appeal, survive a motion to dismiss, applying the standard set forth above. Finally, plaintiff raises an argument concerning Article 11 of the Vermont Constitution, which we cannot discern and therefore do not address. See V.R.A.P. 28(a) (providing brief shall contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes, and parts of record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining that Court will not address contentions so inadequately briefed as to fail to minimally meet standards of V.R.A.P. 28(a)). We do not address plaintiff's argument about parental rights and his challenge to the no-trespass order for his child's school, raised for the first time in his reply brief. See Gallipo v. City of Rutland, 2005 VT 83, ¶ 52, 178 Vt. 244 (stating that issues not raised in original brief and raised

for first time in reply brief are not adequately preserved for our review).  We have considered all the arguments discernable in plaintiff's brief and consider them all without merit.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice