VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.          25-AP-096

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

| | |
|---|---|
| Ballinallee Properties, LLC et al. v. Shawn Mateo* | } APPEALED FROM:<br><br>} <br>} Superior Court, Bennington Unit,<br>} Civil Division<br>} CASE NO. 23-CV-05342<br>Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Shawn Mateo, self-represented, appeals from the trial court's decision in favor of plaintiffs Patrick Gray and Ballinallee Properties, LLC.  We affirm.

Plaintiffs filed suit against Mateo in December 2023, seeking possession of real property and damages for unpaid rent, and raising additional claims.  Mateo filed counterclaims.  The court held a bench trial and made the following findings.  Patrick Gray and his wife are the owners of record of the real property subject to this litigation, known as 2323 U.S. Route 7, Pownal, Vermont, and 2325 U.S. Route 7, Pownal, Vermont.  Gray owns Ballinallee Properties, LLC.  In September 2020, Ballinallee, Gray, and Mateo entered into a written agreement concerning the property; Gray signed as agent of Ballinallee.  Mateo intended to use the property for business purposes, including tag sales.  Mateo was provided with an option to buy, which expired at midnight on June 10, 2021, unless extended.  To exercise the option, Mateo was required to deliver written notice of intent to purchase and specify a valid closing date.  Mateo did not exercise the purchase option prior to its termination.  The agreement also referenced "a prior lease agreement, the subject of which is the aforementioned Property," but neither party provided a copy of any prior lease agreement.

In May 2023, the town's zoning administrator issued a notice of violation to Gray regarding the property.  Mateo was in possession of the property at the time and the violation related to Mateo's use of the property.  Mateo was responsible under the parties' agreement to keep the property in good condition and comply with applicable state law and town ordinances.

Mateo did not live on the property before August 2023.  Mateo also sublet a mobile home on the property to another person without plaintiffs' written consent as required by the agreement.  He had not paid rent since January 2024.

Mateo received notice to quit the property in August 2023. The notice cited unpaid rent, failure to keep the premises in good and safe condition, and subletting without prior written consent. The notice referenced both 2323 U.S. Route 7, Pownal, Vermont, and 2325 U.S. Route 7. Mateo did not vacate the premises.

Based on these and other findings, the court addressed the parties' legal claims. It rejected several claims that plaintiffs raised against Mateo, and it rejected all of Mateo's counterclaims. The court concluded, based on various legal theories including breach of contract, that plaintiffs were entitled to possession of the property and that Mateo owed $39,000 in unpaid rent. The court held that plaintiffs were entitled to a writ of possession and $39,000 in damages.

Following entry of the court's order and issuance of a writ of possession, plaintiffs asked the court to clarify, pursuant to Vermont Rule of Civil Procedure 60(a), that the court's decision applied to both "911 addresses" for the property in question: 2323 U.S. Route 7, Pownal, Vermont, and 2325 U.S. Route 7. Plaintiffs asserted that Mateo told others that because the writ of possession did not bear the address of 2323 U.S. Route 7, he would not quit the property, but would instead move himself and his belongings from 2325 U.S. Route 7 to 2323 U.S. Route 7. Mateo also allegedly stated that the order and writ did not apply to his girlfriend to whom he had sublet a mobile home on the property. Plaintiffs asserted that uncontroverted testimony from Gray and Mateo, as well as several of plaintiffs' exhibits, showed that although the property had two 911 addresses, it was one, unsubdivided parcel, and plaintiffs sought possession of the whole property. Plaintiffs asserted that, without action by the court to clarify its order and writ, the sheriff could not enforce the writ and restore full possession of the property to plaintiffs, and the dispute between the parties would remain unresolved.

The court granted the motion and clarified that the real property at issue in this litigation was known as 2323 and 2325 U.S. Route 7. Mateo then moved for reconsideration, arguing that the amended finding violated his due process rights and reflected a bias against him. The court denied his request. It found that Mateo's motion appeared to assert that the judgment should not, or could not, have been amended, but the motion did not do so with particularity, and it did not include a concise statement of the facts and law relied upon. The court noted that plaintiffs sought amendment of the judgment because the court's findings and judgment had inadvertently misidentified the address of the subject property. The court had granted the amendment to correct the mistake as there was ample evidence to support the finding. This appeal followed.

Mateo raises numerous claims of error on appeal, which we address in turn. He first asserts that the court erred in granting plaintiffs' request to amend the final judgment order. According to Mateo, the court violated his due process rights by referencing 2323 U.S. Route 7 in its judgment order and writ of possession and referencing in the writ of possession his girlfriend, in addition to plaintiff and "any unidentified persons" who were occupying the property.

We reject this argument. Plaintiffs moved for relief under Civil Rule 60(a), asking the court to clarify that its decision concerned the entire parcel. Mateo was provided notice of the motion and the court considered his opposition to plaintiffs' request. Pursuant to Rule 60(a), the court can correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission." The court found that the property was not properly described in its initial order due to oversight and that there was ample evidence to show that, while the property had two 911 addresses, it was one lot. This evidence included the notice to

quit, which referenced both 911 addresses, and the town's grand list, where the property was listed as one lot. The court's decision is supported by the evidence and while Mateo disagrees with the court's conclusion, he fails to show the court abused its discretion or violated his rights in granting plaintiffs' motion. See Warner v. Warner, 2025 VT 70, ¶ 14 (recognizing that "trial court has discretion in determining whether to enter a corrected judgment, and we review [its decision] only for an abuse of that discretion").

Mateo next asserts that the court did not hear his counterclaims. This argument is without merit. The record shows that the court considered and rejected each counterclaim in its decision.

Mateo further argues that he was unfairly denied a jury trial. The record shows that Mateo did not timely request a jury trial, however, and the court did not err in denying his request on this basis. See V.R.C.P. 38(b), (d) (outlining requirements for requesting jury trial and providing that party's failure "to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury").

Mateo next complains that he was given a "hard time" about his evidence by plaintiff's attorney and the trial judge. The record does not support this assertion, and tenant has not shown any bias or violation of his rights with respect to any specific evidentiary rulings. To the extent that tenant challenges the exclusion of any particular evidence, he has not provided any citation to the record in support of such argument. "It is the burden of the appellant to demonstrate how the lower court erred warranting reversal," and "[w]e will not comb the record searching for error." In re S.B.L., 150 Vt. 294, 297 (1988); see also V.R.A.P. 28(a)(4) (explaining that argument on appeal must contain citations to "parts of the record on which the appellant relies"). In a related vein, Mateo contends that Gray's evidence should have been excluded as hearsay. Mateo again fails to show that he objected to any specific evidence on hearsay grounds below and he does not specifically identify any objected-to evidence with citations to the record. We thus reject this argument as inadequately briefed. See V.R.A.P. 28(a); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining that Court will not address contentions so inadequately briefed as to fail to minimally meet standards of V.R.A.P. 28(a)). Mateo's assertion that the court erred in denying a change of venue is also inadequately briefed. Mateo additionally references a lease from 2020 in his brief but provides no record citation for this document. As stated above, "[w]e will not comb the record searching for error." In re S.B.L., 150 Vt. at 297.

Mateo also attempts to relitigate claims that the court considered and rejected, including his harassment claim and his assertion that he purchased the property. It was for the trial court to evaluate the evidence and assess the credibility of witnesses, and we do not reweigh the evidence on appeal. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Mateo next claims that he had an agreement with Gray, not Ballinallee Properties. The court found, however, that Gray signed the agreement as agent for the corporation. Gray is listed as Ballinallee's agent on the first page of the parties' agreement. Mateo fails to show this finding is clearly erroneous. Lofts Essex, LLC v. Strategis Floor & Décor Inc., 2019 VT 82, ¶ 17, 211 Vt. 204 (explaining that trial court's factual findings will stand "unless clearly erroneous when viewed in the light most favorable to the prevailing party," and "appellant must show there is no credible evidence to support the finding"). We note that Gray is also a named plaintiff in this case. Mateo wars with other findings and conclusions, essentially asking this Court to reweigh the evidence, which we will not do.

3

Mateo next challenges the denial of his written motion to recuse the trial judge, which was referred to and denied by the Chief Superior Judge. See V.R.C.P. 40(e) (setting forth process for filing motions to disqualify). Mateo argues that recusal was required because he was suing the trial judge about another case. The Chief Superior Court rejected this argument. It found that the particular facts set forth in Mateo's filing did not support disqualification simply because Mateo may have brought an action against the trial judge. It recognized that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." In re Vt. Sup. Ct. Admin. Directive No. 17, 154 Vt. 217, 226 (1990) (recognizing that allowing such an "easy method of disqualification" would "permit manipulation of the court" (quotations omitted)). Mateo offers no compelling ground for reaching a different conclusion here.

Finally, Mateo argues that he was not afforded sufficient time in which to present his case. This assertion is not supported by the record, and we reject it. We emphasize, moreover, that the trial court is authorized to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence," V.R.E. 611(a), and the trial transcripts show that both parties were provided a fair opportunity to present their cases.

We have reviewed all arguments discernable in Mateo's brief and consider them all without merit.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice