VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-308

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2026

State of Vermont v. Shylo Bourdeau*

}
}
}
}
}

APPEALED FROM:
Superior Court, Orleans Unit,
Criminal Division
CASE NO. 22-CR-07846
Trial Judge: Rory T. Thibault

In the above-entitled cause, the Clerk will enter:

Defendant appeals her convictions following a jury trial of obstruction of justice and impeding a public officer, under 13 V.S.A. §§ 3015 and 3001. On appeal, defendant is self-represented and argues that the court was biased against her and prevented her from pursuing a full defense. We affirm.

The following facts were presented at trial. In 2022, the Department for Children and Families (DCF) initiated an investigation regarding defendant's minor children. As part of the investigation, a DCF caseworker attempted to contact defendant, but defendant did not return telephone calls. When the DCF caseworker went to defendant's home, defendant did not open the door and asked the caseworker to leave. The DCF caseworker then sent letters asking to speak to defendant. Defendant did not respond to DCF's letters. Proceedings were initiated in the family division, and in June 2022, the family court issued an order directing any law enforcement officer to pick up the children and bring them to the courthouse.

On June 8, 2022, a law enforcement officer attempted to serve a notice of hearing on defendant. At the property, he was greeted by defendant's boyfriend, who told the officer he was trespassing and to leave. On June 20, 2022, the officer attempted to serve a court order on defendant. As he approached the home, he saw defendant enter the house and bring the children inside. Defendant's boyfriend told the officer he was trespassing and directed him to leave. A different officer went to defendant's house on July 7 to serve the order. Again, defendant's boyfriend appeared, he had a revolver on his right hip, refused to take the order, and told the officer he was trespassing. The officer left the order at defendant's house.

In August 2022, a law enforcement officer tried to execute the order by meeting with the children's grandmother while she had the children and escorting her to the courthouse. When the grandmother arrived outside the courthouse, defendant and her boyfriend were present. The

children ran toward defendant and her vehicle. The officer approached defendant to explain the terms of the pick-up order. Defendant told him to get away from the vehicle and leave the children alone. Defendant's boyfriend had a visible revolver. The officer told defendant not to leave with the children because he had a court order. Defendant drove off with the children in the vehicle. The encounter was captured with the officer's body camera, and the video was entered into evidence. The grandmother also testified that she contacted police for an escort to bring the children to the courthouse as required by the order.

Defendant testified that she went to pick up the children that day and saw the law enforcement officer but did not have any knowledge of any court proceedings. She agreed that she heard the officer tell her that the children needed to stay with him, but she indicated that she had prior bad experiences with law enforcement and that is why she left.

At the start of trial, the court indicated that it had granted defendant's request to be self-represented and there was stand-by counsel available to defendant. The court also considered motions in limine and objections regarding the scope of evidence to be admitted. Defendant objected to admission of the juvenile pick-up order on the ground that it was confidential. The trial court permitted the State to offer the order but precluded introduction of the facts underlying any investigation. Defendant sought to introduce the outcome of the juvenile proceeding, and the court ruled that it was not relevant. At the close of the case, defendant moved to recuse the trial judge. The Chief Superior Judge denied the motion, explaining that there was no showing of bias or prejudice sufficient to overcome the presumption of judicial impartiality.

On appeal, defendant first argues that the court was biased against her. She claims that the court labeled her a "sovereign citizen," and this tainted the proceedings. Defendant has not provided citations to the record to support her argument or explained how this issue was preserved for appeal. V.R.A.P. 28(a)(4)(A) (requiring appellant to provide how each argument was preserved with references to record). A review of the transcript from the trial does not reveal the court using that phrase on the record. Moreover, defendant has failed to demonstrate bias; insofar as she relies on the court's adverse rulings and the fact that the court ruled against defendant, this does not in itself demonstrate bias. See Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994) ("[I]t is not enough merely to show the existence of adverse rulings, . . . or that the judge expressed a comment or opinion, uttered in the course of judicial duty, based upon evidence in the case.").

Defendant also argues that she was prevented from presenting a complete defense because she was unable to challenge the validity of the family court pick-up order by introducing evidence regarding the outcome of the juvenile proceedings. She claims that this amounted to the court suppressing exculpatory evidence and obstructing her right to be heard. The trial court has discretion on evidentiary matters, and this Court reviews for an abuse of that discretion. State v. Parker, 2024 VT 64, ¶ 13, 220 Vt. 157 ("This Court ordinarily applies a deferential standard of review to a trial court's evidentiary rulings." (quotation omitted)). In response to defendant's request at trial to discuss the outcome of the juvenile proceeding, the court explained that this information was not relevant because a party may not challenge the validity of an order by violating it.

Defendant fails to demonstrate that the court abused its discretion in ruling that the outcome of the juvenile proceeding was not relevant to whether defendant was obligated to comply with the pick-up order. "The collateral bar rule provides that individuals cannot challenge the validity of a court order by violating the order." In re Duckman, 2006 VT 23, ¶ 10,

179 Vt. 467.  "The rationale for this rule is to protect the efficient administration of justice and to encourage litigants to follow court orders."  Id.  Given that the disposition of the juvenile proceeding did not affect defendant's obligation to comply with the pick-up order, the trial court acted well within its discretion in excluding this evidence.

Defendant also asserts that standby counsel's inaction amounted to denial of assistance of counsel.  At the start of trial, the court made clear that defendant was receiving stand-by counsel, not hybrid representation.  As to defendant's ineffective-assistance assertion, we do not address this claim because defendant does not identify which actions or inactions by standby counsel were allegedly ineffective and has not demonstrated how her arguments were preserved below.  State v. Rideout, 2007 VT 59A, ¶ 19, 182 Vt. 113 (explaining that to preserve argument for appeal, party must raise it at trial "with sufficient specificity to afford the trial court an opportunity to fully develop the relevant facts and to reach considered legal conclusions" (quotation omitted)).

Finally, defendant alleges that the court disregarded "unrebutted affidavits and perfected instruments," citing to Federal Rule of Civil Procedure 8(b)(6) and provisions of the Uniform Commercial Code.  Defendant does not provide sufficient legal argument to understand the relevance of these provisions given that they were not applicable in this state criminal proceeding.  V.R.A.P. 28(a) (stating that brief must contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes, and parts of record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining that Court will not address contentions so inadequately briefed as to fail to minimally meet standards of Vermont Rule of Appellate Procedure 28(a)).

Affirmed.

BY THE COURT:

_____
Nancy J. Waples, Associate Justice


_____
Christina E. Nolan, Associate Justice


_____
Michael P. Drescher, Associate Justice

3